**UNITED STATES of America ex rel. Sam Robert FAULISI and Thomas Vogt, Petitioners-Appellants,**

v.

**Thaddeus E. PINKNEY, Warden, Pontiac Correctional Center, Respondent-Appellee.**

Nos. 78–2080, 78–2083.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 18, 1979.

Decided Nov. 6, 1979.*

Dec. 20, 1979.

Barry A. Spevack, Chicago, Ill., for petitioners-appellants.

Melbourne A. Noel, Jr., Asst. Atty. Gen., Criminal Justice Div., Chicago, Ill., for respondent-appellee.

Before CUMMINGS and WOOD, Circuit Judges, and CAMPBELL, Senior District Judge.**

PER CURIAM.

The petitioners, Sam Robert Faulisi and Thomas Vogt, were indicted, and after a bench trial, convicted of two counts of armed robbery in a suburban home. Petitioners appealed their convictions to the Illinois Appellate Court. The issues on appeal were: whether the convictions were based on evidence which was the fruit of an un-

---

* This appeal was originally decided by unreported order on November 6, 1979. See Circuit Rule 35. The Court has subsequently decided to issue the decision as a per curiam opinion.

** Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

lawful arrest; and whether the defendants were properly convicted of both counts of armed robbery. The convictions were affirmed on one count and vacated on the other count as to both petitioners. The petitioners then sought post-conviction relief in the Illinois courts, which was denied. Petitioners next sought redress in the U. S. District Court under 28 U.S.C. § 2254. The District Court granted summary judgment for respondent. Petitioners appeal from that Order.

The petitioners were first taken into custody by police on suspicion of committing the Chicago Coin Corporation robbery. Prior to being taken into custody, police had viewed both petitioners handling a large number of silver coins, with others, at a Chicago restaurant. At the time of their arrest, petitioners were following the car in which the stolen coins were found. After being taken into custody, they appeared in a lineup and were viewed by the victim of that robbery. The victim failed to identify petitioners. Police then made arrangements for a second lineup before victims of other coin-shop robberies. The second lineup was to take place the following evening due to difficulties in scheduling the lineup. Prior to the second lineup, a Sgt. Carroll was reviewing composite drawings of two suspects wanted by the Arlington Heights Police for a robbery of a suburban home. Noting that the sketches "appeared to be a photograph of the two defendants", he arranged to have the two victims of that home robbery present at the second lineup. The two victims viewed the lineup separately and each identified petitioners as the men who had entered and robbed their home. After the lineup, petitioners were taken to the Arlington Heights Police Station, were formally arrested, and given their *Miranda* warnings. The petitioners were in custody for over twenty-four hours prior to their arrest for the Arlington Heights robbery.

Prior to trial, petitioners filed motions to quash their arrest and to suppress the evidence as fruits of that arrest. Petitioners argued that there was insufficient probable cause for the arrest. The court found that there was probable cause for the initial arrests and that even if the arrests were unlawful, the composite sketches found by Sgt. Carroll were an independent source of evidence which purged any taint from the prior arrests. The defendants' motions were denied. The petitioners were tried and convicted. In their appeal, petitioners raised the same arguments as in their motions to quash and to suppress. The Appellate Court affirmed the trial court's ruling on those motions.

In their petition for relief under 28 U.S.C. § 2254, Faulisi and Vogt no longer address the question of probable cause. Rather, petitioners contend that the twenty-four hours' detention prior to their arrest for robbery deprived them of "due process of law guaranteed by the Fourth Amendment."

Petitioner Vogt also argues that he was denied his Sixth Amendment right to confrontation. Vogt and Faulisi were tried together and represented by the same attorney. Defense counsel did not move to sever the trials. In his opening statement, the prosecutor informed the trial court that Faulisi had confessed to the charges and that he had implicated Vogt as his accomplice. The prosecutor indicated that he would not use the statement against Vogt but he did not delete Vogt's name in that statement to the court. There was no defense objection to this. During the trial, Faulisi's confession was introduced through the testimony of a police officer. The statement was read with Vogt's name omitted. However, the trial court could reasonably assume that the omitted name was Vogt's due to the prosecutor's opening statement.

Finally, petitioner Vogt contends that the District Court may have failed to consider his response to the respondent's motion for summary judgment. Petitioner claims that the docketing date of his response was two days after the District Court's decision, suggesting that the Court did not have the benefit of his memorandum prior to granting the motion. That contention, however,

cannot withstand a cursory reading of the District Court's Order granting summary judgment. The District Judge addressed petitioner's arguments in that Order and in the Order denying reconsideration. No further discussion of this point is warranted.

The District Court relied on *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), in granting the government's motion for summary judgment on the Fourth Amendment claim. *Stone* held that, where the State has provided an opportunity for full litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. *Id.* at 482, 96 S.Ct. 3037. Petitioners now seek to distinguish *Stone* by arguing that Federal Courts are precluded from re-examination of state court determinations only in the "twilight areas" of Fourth Amendment law. *Hines v. Auger*, 550 F.2d 1094 (8th Cir. 1977). *See also Schneckloth v. Bustamonte*, 412 U.S. 218, 269, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973) (Powell, J., concurring). Petitioners suggest that certain Fourth Amendment claims, such as the seizure in the present case, are not precluded from re-examination by *Stone*.

■ The District Court concluded that the Fourth Amendment claims raised in petitioners' memoranda were "all but verbatim reproductions" of the petitions filed in the Illinois Appellate Court. The Court concluded that *Stone v. Powell, supra*, and subsequent decisions of this Court preclude § 2254 review. *See U. S. ex rel. Placek v. Illinois*, 546 F.2d 1298 (7th Cir. 1976). We agree. Petitioners have raised the issue of the constitutionality of their seizure in Illinois Courts and they are precluded from doing so again in the Federal Courts by means of a Section 2254 petition. To the extent that petitioners have raised new Fourth Amendment claims in the District Court, they are also foreclosed by *Stone*. Petitioners had an opportunity for a full and fair hearing on those matters in the State Courts, and they need not be considered by the Federal Courts on a habeas corpus petition. *Stone* at 482.

Petitioner Vogt relies on *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) in support of the argument that he was denied his Sixth Amendment right to confrontation. Vogt claims that *Bruton* requires a severance of trials to avoid any prejudice resulting from his co-defendant's confession. Vogt contends that he was, in fact, prejudiced by the admission of Faulisi's confession even though Vogt's name was omitted. Respondent argues that this issue was not raised in the District Court, and therefore is not properly before this Court on appeal. We find that the District Court did address the issue of severance, and that the issue is properly before this Court.

■ Even assuming *arguendo* that Faulisi's confession incriminated Vogt, we find the reliance on *Bruton* misplaced. The Court in *Bruton* focused on a jury's inability to consider the admission of a confessing defendant without inculpating the co-defendant. *Bruton* at 128–130, 88 S.Ct. 1620. The Court concluded that a curative instruction was clearly insufficient to prevent the jury from considering the inadmissible statement as evidence against the co-defendant. That holding is simply inapplicable in the case of a bench trial. *See Cockrell v. Oberhauser*, 413 F.2d 256, 258 (9th Cir. 1969). We conclude that Vogt was not prejudiced by the admission of Faulisi's confession into evidence at trial.

■ After oral argument, counsel for the respondent filed a letter citing additional authority on the *Bruton* issue. Appellants have moved to strike the additional citations on the grounds that respondent has explained the cases cited beyond the limits of Circuit Rule 11. Rule 11, as amended in April 1979, permits citation of additional authority to a point orally argued together with "a single brief sentence [stating] the proposition the authority supports." Respondent's one sentence explanations are somewhat lengthy. However, in light of the fact that the *Bruton* issue was raised late in this appeal, and the fact that the

Court inquired of respondent's counsel regarding that issue during oral argument, we consider respondent's letter to be acceptable under Rule 11 and deny the motion to strike.

For the reasons set forth herein, we conclude that the Order of the District Court should be AFFIRMED.

JUDGMENT AFFIRMED.