(No. 52889.—

THE PEOPLE *ex rel.* BERNARD CAREY, State's Attorney, Petitioner, v. ROBERT J. COLLINS, Judge, *et al.,* Respondents.

*Opinion filed May 22, 1980.*

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Mary A. Jischke, Assistant State's Attorneys, of counsel), for the People.

Lawrence J. Suffredin, Jr., of the law offices of Raymond F. Simon, of Chicago, for respondent.

MR. JUSTICE WARD delivered the opinion of the court:

The petitioner, the People of the State of Illinois, seeks

the issuance of a writ of *mandamus* against the respondents, Robert J. Collins, a judge of the circuit court of Cook County, and Michael Hanrahan, directing respondent Collins to vacate an order entered December 5, 1979, which reduced the sentences that Collins had imposed on Hanrahan upon the latter's conviction on July 15, 1976.

Hanrahan (referred to hereafter as respondent) and his father, Homer Hanrahan, were convicted by a jury in a trial held before Judge Collins on charges of criminal conduct causing the death of Marion Hanrahan, the wife of Homer and the mother of the respondent. The elder Hanrahan was convicted of murder, and he and the respondent were each convicted of aggravated kidnapping and aggravated battery. The respondent was sentenced to serve concurrent terms of 10 to 25 years on his conviction for aggravated kidnapping and 3 to 10 years for the aggravated battery. The convictions were affirmed by the appellate court (64 Ill. App. 3d 207), and its opinion contains a detailed account of the evidence given at the trial.

On the same day that sentence was pronounced the respondent filed a notice of appeal. Pursuant to Rule 609(b) (73 Ill. 2d R. 609(b)) execution of the sentence was stayed and the respondent was released on bond pending disposition of his appeal. As noted above, the appellate court affirmed his conviction. A petition for rehearing was denied by that court, as was a petition for leave to appeal to this court. A petition to the United States Supreme Court for a writ of *certiorari* was denied October 1, 1979. The parties agree that at no stage of his appeal did the respondent contend that the sentences imposed upon him were excessive or otherwise improper.

Following the denial of *certiorari* by the United States Supreme Court, this court issued its mandate to the appellate court on October 17, 1979. On November 8 the appellate court issued its mandate to the circuit court, and on November 16, the respondent filed a motion in the circuit

court for the reduction of his sentences under section 5—8—1(d) of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—1(d)). His motion was assigned to Judge Collins as the sentencing judge.

At the time the respondent was originally sentenced section 5—8—1(d) (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(d)) read as follows:

> "The court may reduce or modify, but shall not increase the length of a sentence by order entered not later than 30 days from the date that sentence was imposed. This shall not enlarge the jurisdiction of the court for any other purpose."

The respondent's motion represented that during the 3½ years when he had been out on bond he had rehabilitated himself by having obtained a college degree in engineering and a master's degree in business administration and by then securing regular employment as an engineer. The petitioner moved to strike the defendant's motion on the ground that the court lacked jurisdiction, since more than 30 days had passed since the imposition of sentence. The motion to strike was denied, and a new hearing in aggravation and mitigation was held on December 5.

At that hearing the respondent presented testimony in support of his motion. The petitioner, in effect standing on its motion to strike, did not cross-examine the respondent's witnesses and offered no evidence. At the close of the hearing an order was entered reducing the respondent's sentence for aggravated kidnapping to 5 years' probation, and reducing the sentence for aggravated battery to 1 to 10 years' confinement in the House of Corrections. We of course are not concerned with whether the evidence presented at the hearing warranted the reductions of sentence made by Judge Collins, but only whether he had power to reduce a sentence more than 30 days after it had been imposed.

The respondent's position is that the 30-day period provided by section 5—8—1(d) was tolled by his filing of a notice of appeal, which deprived the trial court of jurisdiction to enter any order in the case, and that the 30 days did not start to run until the mandate of the appellate court was received by the circuit court. Since the respondent's motion and the order reducing sentences were made within that time, the respondent contends that the requirement of section 5—8—1(d) was satisfied.

Precisely the same contention was made and rejected in *People ex rel. Carey v. Rosin* (1979), 75 Ill. 2d 151, in which a writ of *mandamus* was awarded directing a judge of the circuit court to expunge an order reducing a defendant's original sentence. In *Rosin* the defendant had been convicted of obstructing a police officer, and had been sentenced on February 23, 1977, to serve 60 days in the House of Corrections. The defendant filed a notice of appeal on February 25, and execution of the sentence was stayed under Rule 609(b) pending the defendant's appeal to the appellate court. Although the opinion in *Rosin* does not so state, we have examined the record and the briefs in that case, and the grounds for the defendant's appeal did not include any complaint as to the sentence imposed.

The appeal was never heard on the merits, since it was dismissed by the appellate court for want of prosecution. The mandate of the appellate court was received by the circuit court on August 17. On or about that date the defendant filed a motion for reduction of sentence which, at the defendant's request, was assigned to the sentencing judge. On September 25 a hearing was held before that judge in which evidence favorable to the defendant was given regarding his behavior after conviction. At the close of the hearing the judge reduced the sentence to one year's probation.

The respondent seeks to distinguish *Rosin* on the

ground that the holding there was only that the 30-day period begins to run from the date the sentence is imposed rather than the date it is executed. That is not a correct interpretation of *Rosin*. In his brief the defendant described the issue presented for review to be whether the filing of a notice of appeal, the posting of bond pending appeal, and the stay of execution of the sentence would "suspend the time within which Velasco [the defendant] could file a motion to modify or reduce his sentence." The court answered that question in the negative (75 Ill. 2d 151, 157).

The respondent also points out that in *Rosin* the court did not enter its order reducing the sentence until more than 30 days after the mandate was returned. In *Rosin*, as here, the motion for reduction of sentence was filed within 30 days from the receipt of the mandate, and there is nothing in the opinion suggesting that the decision would have been otherwise had the order granting that motion been entered within that 30-day period.

To dispel any possible misunderstanding as to the meaning of *Rosin* we now hold that the respondent's motion for a reduction of sentence was not timely made, and that the circuit court had no jurisdiction to entertain it. We have no quarrel with the respondent's assertion that upon his filing of the notice of appeal the trial court lost jurisdiction over the cause and could not thereafter entertain a motion to reduce sentence. It does not follow, however, that the circuit court reacquired jurisdiction to do so when it received the mandate of the appellate court after affirmance of the conviction. The respondent cites no authority whatever in support of his claim that the 30-day period specified by section 5—8—1(d) was tolled by the filing of the notice of appeal, and we have found none.

The 30-day period within which a trial court may modify a sentence is the modern-day adaptation of the

common law rule that a trial court retained power over a judgment during the term at which it was entered. (*People v. Lance* (1962), 25 Ill. 2d 455, 456; *People ex rel. Lucey v. Turney* (1916), 273 Ill. 546, 553; *cf. People v. Heil* (1978), 71 Ill. 2d 458, 461; *People v. Green* (1975), 34 Ill. App. 3d 153, 156.) A 30-day period is also prescribed for the filing of a motion for a new trial or a motion in arrest of judgment (Ill. Rev. Stat. 1977, ch. 38, pars. 116–1, 116–2). After the expiration of that period the circuit court loses power to grant such a motion (*People v. Rudecki* (1923), 309 Ill. 125), and the respondent concedes, as he must, that the taking of an appeal would not allow such a motion to be considered after an affirmance by the appellate court.

The council commentary to section 5–8–1 which appears in the Illinois Annotated Statutes states that the subsection involved in this case is "[i]n accord with" Rule 35 of the Federal Rules of Criminal Procedure. That representation is misleading. Rule 35 is as follows:

> "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law."

Federal Rule 35 thus expressly authorizes reductions of sentence to be made after affirmance of a conviction. As the notes of the Advisory Committee on Rules disclose, such a provision has been a part of Rule 35 since the adoption of the Federal Rules of Criminal Procedure in 1946. The failure of the General Assembly to adopt a

comparable provision in the Unified Code of Corrections in 1972 must be regarded as reflecting a decision not to import this facet of the Federal procedure into the law of this State. To adopt the respondent's theory that the 30-day limit of section 5—8—1 is tolled by the taking of an appeal would be to ignore that legislative determination. Our conclusion in this regard is fortified by the inclusion in the Code of a provision granting the circuit court the power to reduce a sentence beyond the 30-day period in one specific instance, namely, sentences for periodic imprisonment. Section 5—7—7 (Ill. Rev. Stat. 1977, ch. 38, par. 1005—7—7) provides:

> "The court which committed the offender to periodic imprisonment shall retain jurisdiction over him during the term of commitment and may order a diminution of the term if his conduct, diligence and general attitude merit such diminution."

For the foregoing reasons we award a writ of *mandamus* commanding the Honorable Robert J. Collins to vacate and expunge his prior order of December 5, 1979, reducing the defendant's sentences.

While this case was under advisement the petitioner filed a motion to recall the mittimus and take the respondent into custody. In its motion the petitioner represented that the respondent had been discharged from the Illinois Department of Corrections on April 8 pursuant to a recommendation by the Prisoner Review Board. We took that motion with the case. In view of our determination that the order reducing the defendant's sentences is to be vacated and expunged, we direct that the mittimus be recalled and that Judge Collins issue a new mittimus conforming to the sentences originally imposed upon the respondent.

*Writ awarded.*