UNITED STATES of America ex rel. Michael J. HANRAHAN, Petitioner,

v.

Daniel C. BOSSE, Respondent.

No. 81 C 7083.

United States District Court, N. D. Illinois, E. D.

Sept. 21, 1982.

Michael J. Hanrahan, pro se.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Michael Hanrahan ("Hanrahan") has filed a petition for a writ of habeas corpus, which comes before this Court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases. Because the petition and attached exhibits do not present a cognizable claim for habeas relief, the petition is summarily dismissed.

### Prior Proceedings

Hanrahan and his father Homer were charged with the murder, aggravated kid-napping and aggravated battery of Hanrahan's mother. After a jury found Hanrahan guilty of the second and third charges, he was sentenced to concurrent terms of 10 to 25 years for aggravated kidnapping and 3 to 10 years for aggravated battery. Both convictions were upheld on appeal. *People v. Hanrahan*, 64 Ill.App.3d 207, 20 Ill.Dec. 866, 380 N.E.2d 1075 (1st Dist. 1978), *cert. denied*, 444 U.S. 828, 100 S.Ct. 53, 62 L.Ed.2d 36 (1979).

After certiorari was denied Hanrahan moved for reduction of sentence before the judge who had sentenced him. His motion was granted, the trial court reducing the sentences to 5 years' probation for aggravated kidnapping and 1 to 10 years for aggravated battery.

That action was challenged by the State's institution of original mandamus proceedings in the Illinois Supreme Court. That Court issued a writ of mandamus directing the trial judge to vacate and expunge his order reducing Hanrahan's sentences and to issue a mittimus conforming to the sentences originally imposed. *People ex rel. Carey v. Collins*, 81 Ill.2d 118, 39 Ill.Dec. 795, 405 N.E.2d 774 (1980). Shortly thereafter Hanrahan filed a post-conviction petition in state court challenging his conviction on grounds not germane to the issues raised here. Following denial of that petition Hanrahan appealed to the state Appellate Court (the appeal is still pending).

### This Proceeding

Hanrahan now asserts two grounds for habeas corpus relief:

(1) In his original trial the failure to suppress inculpatory statements taken from him after his arrest was constitutional error.

(2) In the mandamus proceeding the writ directing vacation of the reduction of his sentence was erroneous and deprived him of due process and equal protection in violation of the Fourteenth Amendment.

Both contentions must fail.

Acting on information given them by Hanrahan's sister Mary Ellen and evidence

found at his mother's home, police arrested Hanrahan in the early morning hours of November 22, 1974 at the fraternity house where he was living. They advised Hanrahan of his *Miranda* rights, then handcuffed him and transported him to the police station for questioning. At the station Hanrahan gave eight statements to police and prosecutors in response to sporadic questioning over an 18-hour period. On each occasion Hanrahan was read his *Miranda* rights before he was questioned.

Before trial Hanrahan moved to quash his arrest and to suppress the statements. After extensive testimony the trial court denied the motion. On appeal Hanrahan argued the statements were the product of an illegal investigatory arrest, so the Fourth Amendment[1] required their exclusion. Because it found the facts known to the police when they arrested Hanrahan supported a reasonable belief he had committed battery upon his mother, the Appellate Court upheld the trial court's denial of the suppression motion.

Having lost his Fourth Amendment battle in the state court system, Hanrahan now seeks federal collateral review of his state conviction on the same ground. *Stone v. Powell,* 428 U.S. 465, 494, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067 (1976) teaches:

> [W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at trial.

Courts have since extended the *Stone* analysis to bar federal habeas review of a fully litigated claim contesting admission of a confession obtained during illegal detention. *Montes v. Jenkins,* 626 F.2d 584, 590 (7th Cir. 1980); *Morgan v. Estelle,* 588 F.2d 934 (5th Cir. 1979).

■ Both the state trial and appellate courts rejected Hanrahan's claim of illegal arrest after a full and fair hearing on the merits. *Stone* and its progeny preclude habeas review here of the same Fourth Amendment contention.[2] *See United States ex rel. Faulisi v. Pinkney,* 611 F.2d 176, 178 (7th Cir. 1979).

Hanrahan's second argument, claiming error in the Illinois Supreme Court's granting of mandamus, is equally without merit. Hanrahan had moved the trial court to reduce his sentence under Ill.Rev.Stat. ch. 38, § 1005–8–1(d), which allowed reduction or modification of a sentence not later than 30 days after sentence was imposed. Hanrahan argued the stay of execution of his sentence pending appeal had tolled the 30-day period until the Appellate Court mandate was lodged with the Circuit Court.

■ As a matter of statutory construction the Illinois Supreme Court held a Circuit Court had power to reduce a sentence only within 30 days after its actual imposition. Hanrahan now urges that decision was based on an unconstitutional statute, was contrary to the intent of the law and violated his Fourteenth Amendment rights to equal protection and due process.

As Justice Stevens said earlier this year in *Engle v. Isaac,* —— U.S. ——, ——, 102 S.Ct. 1558, 1576, 71 L.Ed.2d 783 (1982):

> A petition for a writ of habeas corpus should be dismissed if it merely attaches a constitutional label to factual allegations that do not describe a violation of any constitutional right.

Interpretation of a state statute is a matter for the state's own courts. *Israel v. Odom,* 521 F.2d 1370, 1376 (7th Cir. 1975). Absent any federal constitutional violation, no fed-

---

1. As is customary this opinion will refer to the underlying Bill of Rights provisions rather than (with greater accuracy) the Fourteenth Amendment, which incorporates them.

2. Although Hanrahan also asserts a Fifth Amendment violation, he advances no facts in support of that notion. Nor has he ever raised a Fifth Amendment issue in state court, either on direct appeal or in his post-conviction proceedings. Moreover the state courts found Hanrahan was at all times advised of his *Miranda* rights before questioning. Thus his passing reference to the Fifth Amendment appears to be no more than a misplaced embellishment on his Fourth Amendment claim.

eral court can encroach on the state court's construction and application of its own sentencing statutes. *See United States ex rel. Henderson v. Morris,* 670 F.2d 699, 702 (7th Cir. 1982). Hanrahan cannot escape that limitation on this Court's authority with empty incantations of constitutional error. Lacking any substantive allegations of constitutional scope, Hanrahan's challenge to reinstatement of the original sentences must be rejected.

### Conclusion

It plainly appears from the face of Hanrahan's petition and accompanying exhibits that he is not entitled to habeas corpus relief. This Court orders summary dismissal of this action pursuant to Rule 4 of the Rules Governing Section 2254 Cases.