THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DALE M. CARTER, Defendant-Appellant.

First District (4th Division)   No. 84—2083

Opinion filed August 22, 1985.

Frederick F. Cohn, of Chicago, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Jill Wine-Banks, Solicitor General, and Mark L. Rotert and Jack Donatelli, Assistant Attorneys General, all of Chicago, of counsel), for the People.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

On May 30, 1980, defendant Dale Carter was convicted by a jury of violating The Franchise Disclosure Act (Ill. Rev. Stat. 1977, ch. 121½, par. 701 *et seq.*) (hereinafter the Act) and was sentenced to a term of three years' imprisonment. Defendant appealed to this court, and, while his appeal was pending, he pleaded guilty and was sentenced in Georgia to five years' imprisonment and five years' probation; such sentences were to run concurrently with any other sentence defendant should serve. On direct appeal, this court reversed defendant's conviction, holding that section 12 of the Act was unconstitutional. (*People v. Carter* (1981), 102 Ill. App. 3d 796, 430 N.E.2d 31.) The Illinois Supreme Court subsequently granted the State leave to appeal. Defendant was released on parole by Georgia authorities on

October 8, 1982. On December 17, 1982, the Illinois Supreme Court declared that the Act was constitutional and affirmed the circuit court's judgment. (*People v. Carter* (1982), 97 Ill. 2d 133, 454 N.E.2d 189.) Defendant then filed a petition for rehearing which the supreme court denied on September 30, 1983. Application for review was filed with the United States Supreme Court but was denied. On April 30, 1984, the mandate of the Illinois Supreme Court, reversing this court's judgment, was filed in the circuit court, and two weeks later defendant filed a motion in the circuit court to reduce his sentence.

In its opinion, in response to defendant's request for a reduction of sentence, the supreme court stated:

"Finally defendant contends that his sentence is excessive. He states that shortly after he was sentenced in this case he was sentenced to a five-year term in Georgia which was to be served concurrently with the sentence imposed in this case. He argues that because he had not as yet been sentenced in Georgia there was no way in which the Illinois sentence could be made concurrent with that in Georgia, and that he will be required to serve a total of eight years on the two commitments. Under the circumstances existing at the time the sentence was imposed it is apparent that there was no basis on which the circuit court could have considered making the sentence concurrent with that in Georgia. There is, however, no impediment to the defendant's applying to the circuit court for a reduction of sentence in accordance with section 5—8—1(f) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—1(f))." 97 Ill. 2d 133, 142.

As noted, defendant subsequently filed a motion in the circuit court for reduction of sentence pursuant to section 5—8—1(f). He asked that his three-year term of imprisonment be made concurrent to the five-year prison term he had received in Georgia. On August 17, 1984, a hearing was held on defendant's motion. The trial court denied the motion on the ground that its jurisdiction to reduce the sentence adhered only within the time prescribed by statute, within 30 days after a defendant had completed the sentence imposed by another State, and that defendant's motion was filed outside that period. Defendant now appeals from the denial of his motion for reduction of sentence.

Section 5—8—1(f) of the Unified Code of Corrections states in relevant part:

"A defendant who has a previous and unexpired sentence of imprisonment imposed by an Illinois circuit court for a crime in

this State and who is subsequently sentenced to a term of imprisonment by another state or by any district court of the United States and who has served a term of imprisonment imposed by the other state or district court of the United States, and must return to serve the unexpired prior sentence imposed by the Illinois Circuit Court may apply to the court which imposed sentence to have his sentence reduced.

The circuit court may order that any time served on the sentence imposed by the other state or district court of the United States be credited on his Illinois sentence. Such application for reduction of a sentence under this subsection (f) shall be made within 30 days after the defendant has completed the sentence imposed by the other state or district court of the United States." Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—1(f).

Defendant contends on appeal that the 30-day time limitation prescribed by section 5—8—1(f) should not apply in this case because, at the time of his parole from the state of Georgia and for more than 30 days thereafter, his conviction had been reversed by this appellate court and the cause was pending on the supreme court's advisement docket. Defendant asserts that it was legally impossible for him to make application to the circuit court to request a reduction of sentence at that time because his conviction had been invalidated.

Upon this consideration of the facts and circumstances of this case, we find that the trial court's interpretation of the statute is in error. Here, barring defendant a right to adjustment of sentence under section 5—8—1(f), because it was not made within 30 days of his release from his Georgia prison sentence, would impart an unfair interpretation on the statute. At the time of his release from Georgia, defendant's Illinois conviction had been reversed. It was not unreasonable or negligent for defendant to believe that, for all practical purposes, his conviction would not be reinstated, the underlying statute having been declared unconstitutional by this court. It would be unjust to deny defendant his right of sentence review when, by exercise of his appellate rights, he temporarily succeeded in invalidating the Illinois conviction, and this invalidation was in effect at the time during which he otherwise could have appealed to the trial court for a reduction of sentence.

The State cites *People ex rel. Carey v. Collins* (1980), 81 Ill. 2d 118, 405 N.E.2d 774, in support of its contention that a strict interpretation of section 5—8—1(f) is required, cutting off defendant's right to request a reduction of sentence after the 30-day time provision has expired. In *Collins*, the defendant, after his conviction was

affirmed on appeal by this court, unsuccessfully sought to appeal to the Illinois Supreme Court and United States Supreme Court. Defendant then petitioned the trial court to reduce his sentence pursuant to section 5—8—1(d) of the Unified Code of Corrections. (Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—1(d).) This provision imposed a 30-day requirement from the time sentence was imposed wherein defendant could seek a sentence modification. After the trial court then entered an order reducing the defendant's sentence, the Illinois Supreme Court found that defendant's motion was not timely made and the trial court had no jurisdiction to entertain it.

We find that *Collins* is distinguishable from the instant case. In *Collins*, defendant's conviction was in effect during the 30-day time period in which he was required to move the trial court for a reduction of sentence. In the instant case, defendant's conviction had been reversed after the underlying statute had been found to be unconstitutional. The matter was on the advisement docket of the Illinois Supreme Court upon the State's appeal at the time he was released by the Georgia authorities, which commenced the 30-day time period. Under these circumstances, we find that it was not unreasonable for defendant to believe at the time of his release that his Illinois conviction had been set aside, rendering unnecessary his petition for a reduction of sentence imposed thereon.

This court has the power to reach a result consistent with an equitable interpretation of the statute and its purpose, even if inconsistent with a strict interpretation of the statute. (*People v. Plewka* (1975), 27 Ill. App. 3d 553, 327 N.E.2d 457.) The fundamental purpose of section 5—8—1(f) should not be defeated by the unique situation which arose when defendant's sentence had been invalidated by this court and was not reinstated until more than 30 days after his release from incarceration in Georgia. Our conclusion comports with the language of the supreme court heretofore granted indicating that defendant might seek a sentence modification.

For the reasons set forth above, we reverse the order of the circuit court and remand this cause to the court with directions to consider defendant's request for a sentence modification pursuant to section 5—8—1(f) of the Unified Code of Corrections.

Reversed and remanded with directions.

LINN and McMORROW, JJ., concur.