GERI'S WEST, INC., Plaintiff-Appellant, v. GEORGE R. FERRALL, Defendant-Appellee.

Second District   No. 2—86—0280

Opinion filed March 19, 1987.

Curtis D. Worden and Cheri N. Greenlee, both of Rockford, for appellant.

Alfred W. Cowan, of Brassfield, Cowan & Howard, of Rockford, for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

Plaintiff, Geri's West, Inc., brought suit against Geri Corporation and its corporate director, the defendant, George R. Ferrall, for failure to comply with the Franchise Disclosure Act (hereinafter Act) (Ill. Rev. Stat. 1985, ch. 121½, par. 701 *et seq.*) in the sale of a franchise restaurant to the plaintiff. The action against Geri Corporation is stayed because that corporation has filed for bankruptcy. In its complaint, plaintiff alleged that the defendant Ferrall violated the Act by failing to register and to provide proper disclosure pursuant to section 4 of the Act. Count IV of plaintiff's complaint sought damages for this failure to comply with the Act, while plaintiff's count V, and pursuant to subsection 2 of section 21 of the Act, sought rescission of the franchise agreement. The trial court granted summary judgment to the defendant as to plaintiff's counts IV and V and judgment on the pleadings as to count V. In its motion for summary judgment, the defendant stated that as president of the defendant, Geri Corporation, the defendant, Ferrall, was insulated from personal liability under Illinois law. The judgment on the pleadings as to count V was founded upon the failure of the plaintiff in its complaint to allege compliance with the notice requirements of the Act.

Plaintiff asserts several bases for holding defendant personally liable under the Act. We will restrict our analysis to the express provisions of section 21 of the Act, which provides for private civil suits, particularly since section 23 mandates that "[e]xcept as explicitly provided in this Act, no civil liability in favor of any person shall arise against any person by implication from *** any provision of this

Act." (Ill. Rev. Stat. 1985, ch. 121½, par. 723.) Plaintiff's attempted reliance upon the wording and intent of sections 19 and 20 is misplaced, for civil penalties under section 19 can be brought only by the Illinois Attorney General's office and section 20 deals with criminal prosecutions under that Act.

Plaintiff contends that subsection 1 of section 21 allows for direct recourse against the defendant, individually. Subsection 1 reads in pertinent part:

"Any franchisee or subfranchisor may bring an action for violation of this Act to recover damages sustained by reason of such violation against the franchisor, subfranchisor, franchise broker or salesperson or other person by or on behalf of whom such sale was made or who shall have participated or aided in any way in making such sale." (Ill. Rev. Stat. 1985, ch. 121½, par. 721(1).)

Plaintiff interprets this provision to define defendant's role in the franchise agreement as falling within the category of "franchise broker," "salesperson," or "other person" as set forth in the Act.

■ As previously stated, the defendant's motion for summary judgment was based on the premise that his corporation was the sole entity to grant a franchise, *i.e.*, was the franchisor, and that the corporate existence insulated him from personal liability because it is a separate legal entity. Under the Act, there are separate types of franchise sellers, namely, "franchisors" as defined in section 3(3) of the Act (Ill. Rev. Stat. 1985, ch. 121½, par. 703(3)) and "franchise brokers" as defined in section 3(22) of the Act (Ill. Rev. Stat. 1985, ch. 121½, par. 703(22); *People v. Carter* (1981), 102 Ill. App. 3d 796, 801, *rev'd* (1982), 97 Ill. 2d 133, *reversed and remanded* (1985), 135 Ill. App. 3d 997). There can be no question that the defendant represented his corporation; at his deposition testimony, he admitted that he alone handled the franchise negotiations in this matter on behalf of the corporation. Under the Act, a franchise broker is defined as "any person engaged in the business of representing a franchisor or subfranchisor in offering for sale or selling a franchise and is not a franchisor or subfranchisor with respect to such franchise." (Ill. Rev. Stat. 1985, ch. 121½, par. 703(22).) In light of the foregoing, the defendant acted as a franchise broker for his corporation as the franchisor.

■ Salesperson, under the Act, includes "any person, other than a franchise broker, representing a franchise broker, franchisor, or subfranchisor, whether as an employee, agent or independent contractor, in effecting or attempting to effect the offer or sale of a franchise." (Ill. Rev. Stat. 1985, ch. 121½, par. 703(23).) Coupled with the resid-

ual category in section 21 of "other person by or on behalf of whom such sale was made or who shall have participated or aided in any way in making such sale" (Ill. Rev. Stat. 1985, ch. 121½, par. 721(1)), the classifications of franchise broker, salesperson, and "other person" evidence a clear, comprehensive strategy of individual liability for all those acting for a franchisor and guilty of some wrongdoing under the Act.

■■ ■ There is no indication in the Act, or in any authority cited by the defendant, that a corporation acting as a franchisor is without the purview of this provision of the statute. In fact, in the statement of purpose of this Act, it is stated:

"Illinois residents have suffered substantial losses where the franchisor or his representative has not provided full and complete information regarding the franchisor-franchisee relationship, the details of the contract between the franchisor and franchisee, the prior business experience of the franchisor and other factors relevant to the franchise offered for sale." (Ill. Rev. Stat. 1985, ch. 121½, par. 702(1).)

The specified purpose of this statute is to hold both the franchisor, here the corporation, and its representative liable for nondisclosure. The franchisee is the intended beneficiary of this Act. The preamble to, as well as the text of, an act is useful in determining the scope of the act. (*People ex rel. Morrison v. Sielaff* (1974), 58 Ill. 2d 91; *Radford v. Cosmopolitan National Bank* (1964), 52 Ill. App. 2d 240.) The same section 2 of the Act also reads "[t]he General Assembly finds and declares that the widespread sale of franchises is a relatively new business phenomenon which has created numerous problems in Illinois" (Ill. Rev. Stat. 1985, ch. 121½, par. 702(1)), necessitating the enactment of mandatory disclosures regarding a franchise operation under the Act. Where a statute has been passed to meet a perceived need of the people of remedying a certain evil, it must be liberally construed to carry out legislative intent. (*Safeway Insurance Co. v. Harvey* (1976), 36 Ill. App. 3d 388; *Greyhound Lines, Inc. v. City of Chicago* (1974), 24 Ill. App. 3d 718.) We see no reason for those properly acting on behalf of a corporation, but in violation of the provisions of this Act, to escape liability.

Plaintiff also argues that, if his damage claim were to fail, he has effectively rescinded the franchise agreement under subsection 2 of section 21 of the Act. That subsection provides for rescission of the agreement for any breach of the Act and reads in pertinent part:

"Every sale of a franchise made in violation of this Act shall be voidable at the election of the franchisee or subfranchisor as

provided in subsection (b) \*\*\*. \*\*\*

(b) Notice of any election provided for in paragraph (a) of this Section shall be given by the franchisee or subfranchisor within 90 days after the franchisee or subfranchisor shall have knowledge of a violation of this Act to each person from whom recovery will be sought, by certified letter addressed to the person to be notified at such person's last known address with proper postage affixed, or by personal service." Ill. Rev. Stat. 1985, ch. 121½, pars. 721(2)(a), (2)(b).

In his motion for judgment on the pleadings as to counts II and V, the defendant asserted that the plaintiff had not alleged compliance with the statutory notice requirements of this section. However, the plaintiff's personal service of the complaint on the defendant met the service requirements under the statute. In his complaint, the plaintiff stated in his count II for rescission that "[p]ursuant to the FDA Section 721(2), Plaintiff is entitled to declare the franchise void, and receive the amount paid, together with the legal rate of interest, less income received." Plaintiff did state that he was within the statutory time period in order to elect to rescind, and by personally serving the defendant with his choice to rescind, plaintiff complied with the pleading requirement that the complaint reasonably inform the opposing party of the obligation he is required to meet. See Ill. Rev. Stat. 1985, ch. 110, par. 2—612(b).

The defendant acknowledges that he was personally served with plaintiff's complaint, but further contends that plaintiff's count V for rescission of the agreement did not fulfill the requirements of the necessary *form* of service under the statute's rescission provisions. (Ill. Rev. Stat. 1985, ch. 121½, par. 721(2)(b).) Defendant claims rescission is effective *only* upon receipt of a certified letter from plaintiff declaring plaintiff's election to rescind. Plaintiff's count V read as follows, in pertinent part:

8. Pursuant to the FDA section 721(2), Plaintiff is entitled to declare the franchise void, and receive the amount paid, together with the legal rate of interest, less income received.

9. Plaintiff first learned that Defendant Corporation's actions constituted a violation of the FDA on June 2, 1983.

Wherefore Plaintiff prays Judgment in Plaintiff's favor against Defendant Corporation:

a.) For One Hundred Eighty-Three Thousand, Three Hundred Thirty-Three and 00/100 ($183,333) Dollars, and

b.) For attorney's fees and the costs of this action."

Defendant further argues that this language is not sufficient and evidences only a desire by the plaintiff to possibly rescind the agreement sometime in the future. We disagree.

■ Count V in plaintiff's complaint sets forth, clearly and unequivocally, his choice to *proceed* under the rescission provision of section 21 of the Act and states the precise amount demanded. Count V is not stated in the alternative, nor is it conditional upon the happening of any fact. The specific rescission provision and plaintiff's reliance on it are explicitly included. As this same language of count V would have been sufficient if it were the content of a certified letter as required by statute, we discern no fatal ambiguity in the language of count V as to plaintiff's intent.

■ The other aspect of defendant's challenge, that service of a complaint, with a count for rescission, does not satisfy the letter of the statute, also must fail. In line with the liberal interpretation to be applied to this statute as previously stated in this opinion, this court has held that statutes imposing certain technical requirements for notice may not be strictly enforced if the party seeking enforcement had actual knowledge and cannot show any prejudice as a result of the opposing party's failure to strictly comply with the technical requirements. (*Prairie Vista, Inc. v. Central Illinois Light Co.* (1976), 37 Ill. App. 3d 909.) Defendant has not demonstrated that he has been prejudiced based on plaintiff's failure to adhere to the technical procedures in this statute.

Accordingly, the judgment of the circuit court is hereby reversed, and this cause is remanded for proceedings consistent with this opinion.

Reversed and remanded with directions.

LINDBERG, P.J., and INGLIS, J., concur.