**NOTICE**
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 160085-U

NO. 4-16-0085

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

**FILED**
April 17, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Woodford County |
| SCOTT STOUTENBOROUGH, | ) | No. 05CF102 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Charles M. Feeney III, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE STEIGMANN delivered the judgment of the court.
Justices Knecht and Harris concurred in the judgment.

**ORDER**

¶ 1   *Held:*   The appellate court affirmed the trial court's (1) dismissal of defendant's supplemental petition for relief from judgment and (2) declining to conduct a hearing on his motion to reduce sentence.

¶ 2   In March 2006, a jury convicted defendant, Scott Stoutenborough, of predatory criminal sexual assault of a child (count I) and two counts of aggravated criminal sexual abuse (counts II and III) (720 ILCS 5/12-14.1(a)(1), 12-16(c)(1)(i) (West 2004)). The trial court later sentenced him to 40 years in prison for his conviction on count I and 10 years in prison on each of counts II and III. The court also ordered that the sentences for counts II and III be served (1) concurrently to each other and (2) consecutively to the 40-year sentence for count I.

¶ 3   In August 2013, defendant *pro se* filed a petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-1401 (West 2012)). The trial court dismissed the petition, but this court reversed and remanded for further

proceedings. *People v. Stoutenborough*, No. 4-13-1042 (2015) (unpublished summary order under Illinois Supreme Court Rule 23(c)). In doing so, we also vacated the portion of defendant's sentence on each of counts II and III that exceeded the seven-year statutory maximum. *Id.* We directed the trial court, on remand, to amend the sentencing order to show a seven-year sentence on those two counts, and we otherwise took no action regarding defendant's sentences. *Id.* In October 2015, the trial court on remand amended the sentencing order to show defendant received a seven-year sentence on each of counts II and III.

¶ 4          In November 2015, defendant *pro se* filed a motion for reduction of sentence in which he alleged that the length of his prison sentence was excessive.  In January 2016, the trial court conducted a hearing on defendant's motion, concluded that defendant was required to file a motion to reduce sentence within 30 days of the imposition of the sentence, and denied the motion based upon the court's determination that it had no authority to entertain defendant's request to reconsider the sentence.

¶ 5          Earlier, in September 2015, defendant filed a supplemental petition for relief from judgment under section 2-1401 of the Civil Code, alleging that the trial court's imposition of an extended-term sentence was void because (1) the State did not give notice of its intent to seek an extended-term sentence and (2) the trial court did not enumerate the aggravating factors for extended terms.  In January 2016, the trial court denied defendant's supplemental petition for relief from judgment.

¶ 6          Defendant appeals, arguing that the trial court erred by (1) dismissing defendant's September 2015 supplemental petition for relief from judgment and (2) declining to conduct a hearing on his motion to reduce sentence.  We disagree and affirm.

¶ 7                                    I. BACKGROUND

¶ 8                      A. Defendant's Jury Trial and Sentencing

¶ 9            Count I of the indictment against defendant, charging him with predatory criminal

sexual assault of a child, alleged that he was 17 years of age or older and knowingly committed

an act of sexual penetration with S.P., who was under 13 years of age when the act was

committed, when defendant placed his finger in the vagina of S.P.  Counts II and III alleged that

he committed the offense of aggravated criminal sexual abuse with two other victims who were

under 13 years of age when he committed an act of sexual conduct with them for the sexual

arousal of defendant by rubbing the vagina of one on the outside of her clothes and the vagina of

the other on the outside of her underwear.

¶ 10           At defendant's March 2006 jury trial, S.P. testified that she was 10 years old and

that defendant had touched her "pee pee."  As noted, the jury convicted the defendant of all of

these crimes.

¶ 11           At defendant's May 2006 sentencing hearing, the State cited a statute providing

for extended-term sentencing when a defendant commits a felony against a child who is under 12

years of age.  See 720 ILCS 5/12-14.1(a)(1.1) (West 2004).  The State also noted that trial

testimony established that all three girls were under 12 years of age when defendant committed

these offenses against them.

¶ 12           The trial court determined that defendant was eligible for extended-term

sentencing with regard to count I, as well as counts II and III, based on each victim being under

12 years of age.  The court then sentenced defendant as stated.

¶ 13               B. Defendant's Appeals and Other Attacks on His Conviction

¶ 14           Over the last decade, defendant has been attacking his conviction and sentences

with very little success.  He first filed a direct appeal, and in July 2007, this court affirmed but

directed the trial court to amend the sentencing order to (1) vacate a domestic violence fine the trial court assessed against him and (2) award defendant a $5 credit toward the fine the court imposed for each day of his presentence incarceration. *People v. Stoutenborough*, No. 4-06-0390 (2007) (unpublished order under Illinois Supreme Court Rule 23). In that appeal, defendant raised no issue regarding the sentences the trial court imposed upon him.

¶ 15 Thereafter, defendant filed multiple challenges to his convictions and sentences, which proved unsuccessful except (again) for some minor technical matters. One of those challenges resulted in the decision of this court in June 2015 (*People v. Stoutenborough*, No. 4-13-1042 (2015) (unpublished summary order under Illinois Supreme Court Rule 23(c))), which is the basis for defendant's current appeal.

¶ 16 C. This Court's June 2015 Summary Order

¶ 17 In this court's summary order filed in June 2015 in response to defendant's then-latest challenge to his convictions, this court wrote the following:

"On August 9, 2013, defendant *pro se* filed what can best be described as a package that included a cover page listing (1) the parties, (2) the trial court's case number, (3) the presiding judge, and (4) a title that announced defendant was filing a petition for relief from void judgment under section 2-1401 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-1401 (West 2012)). A second page, entitled, 'Table of Contents,' listed, among other documents, a 'Notice of S. Ct. rule 105.' That page quoted verbatim Illinois Supreme Court Rule 105 (eff. Jan. 1, 1989). Following that quote, defendant added the following: 'Petitioner, *** gives [n]otice of possible proceedings if parties are in default.' The remaining pages of defendant's filing consisted of (1) a jurisdictional statement; (2) the

- 4 -

standard of review; (3) his section 2-1401 petition; and (4) a notarized affidavit of service, showing that on August 5, 2013, he served a copy of his filing by mailing it to 'each party.' Defendant's section 2-1401 petition alleged, in pertinent part, that the court erred by considering the victims' ages to impose 10-year enhanced sentences on his aggravated criminal sexual abuse convictions.

On October 8, 2013, the trial court *sua sponte* dismissed defendant's section 2-1401 petition, finding that defendant failed to (1) comply with the notice requirements of Illinois Supreme Court Rule 106 (eff. Aug. 1, 1985) and (2) raise a meritorious claim or due diligence in presenting the claim. Later that month, defendant *pro se* filed a motion to reconsider, requesting that the court vacate the dismissal of his section 2-1401 petition. Appended to that filing were copies of certified mail receipts showing that on August 9, 2013, agents for the Woodford County Circuit Clerk and Woodford County State's Attorney had received defendant's section 2-1401 petition. The court later denied defendant's motion to reconsider." *People v. Stoutenborough*, No. 4-13-1042, slip order at 1-2 (2015) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 18    This court reversed the trial court's dismissal on the ground that "the record clearly shows that defendant complied with the notice provisions of Rule 105." *Id.* at 3. In so concluding, we noted that the State directed our attention to a problem with the extended-term sentence the trial court imposed regarding defendant's aggravated criminal sexual abuse convictions, counts II and III. We then wrote the following:

"As the State commendably concedes, the extended term sentence was void because the victims' ages should not have been considered when—as in this

- 5 -

case—the underlying offense of aggravated criminal sexual abuse had already been enhanced based on the victim's age. See 720 ILCS 5/12-16(c)(1)(i) (West 2004) (the accused commits aggravated criminal sexual abuse if the accused was 17 years of age or over and commits an act of sexual conduct with a victim who was under 13 years of age when the act was committed.) Therefore, we vacate the portion of defendant's sentence on counts II and III that exceed the seven-year statutory maximum and, on remand, direct the court to amend defendant's sentencing order to show a seven-year sentence on counts II and III. See 730 ILCS 5/5-8-1(a)(2.5)(5) (West 2004) ('[F]or a Class 2 felony, the sentence shall be not less than [three] years and not more than [seven] years.'); see also *People v. Sweeney*, 2012 IL App (3d) 100781, ¶ 24, 967 N.E.2d 876 (the portion of a sentence that exceeds the trial court's statutory authority must be vacated.)

Accordingly, we reverse the trial court's judgment and remand for further proceedings pursuant to Illinois Supreme Court Rule 23(c)(2) (eff. July 1, 2011) ('[T]he disposition is clearly controlled by case law precedent, statute, or rules of the court[.]') and the directions of this court.

Reversed; cause remanded with directions." *Id.* at 4.

¶ 19                                    D. The Trial Court's Orders on Remand

¶ 20        On October 19, 2015, the trial court on remand amended the sentencing order in compliance with this court's direction to show a seven-year sentence on counts II and III. On November 12, 2015, defendant *pro se* filed a motion for reduction of sentence, alleging that the length of his prison terms was excessive. In January 2016, the trial court conducted a hearing at which the State urged the trial court to deny the defendant's request to reduce the sentence. The

court agreed with the State that (1) defendant was required to file a motion to reduce sentence within 30 days of the imposition of the sentence and (2) this court's remand for the purpose of entering a new sentencing order did not direct or authorize the trial court to hold a new sentencing hearing. Accordingly, the trial court concluded that it did not have any authority to entertain defendant's request to reduce the sentence and denied defendant's motion to do so.

¶ 21 Regarding defendant's September 2015 supplemental petition for relief from judgment that alleged that the trial court's imposition of an extended-term sentence was void, the court disagreed, concluded that the judgment was not void, and denied defendant's 2-1401 petition at that same January 2016 hearing. This appeal followed.

¶ 22 II. ANALYSIS

¶ 23 Defendant appeals, arguing that the trial court erred by (1) dismissing defendant's September 2015 supplemental petition for relief from judgment and (2) declining to conduct a hearing on his motion to reduce sentence. We disagree and affirm.

¶ 24 A. Defendant's Subject-Matter Jurisdiction Claim

¶ 25 The gist of defendant's argument in his *pro se* brief to this court is as follows: "Since no notice was given by the State that it was seeking extended terms due to some aggravated offense for count I, it was never a justiciable matter (count I)." Defendant later claims that even though "the age of the victim [in count I] was not in dispute, *** the dispute is the State did not give notice of intent to seek extended terms." He then adds the following: "Jurisdiction is lacking where circumstances alleged do not constitute [the] offense charged as it is defined in [the] statute and nothing short of alleging entirely different facts could cure [the] defect."

¶ 26 The State responds that the indictment in this case charged defendant with the

offense of predatory criminal sexual assault of a child and alleged that the victim was under 13 years of age. Thus, the State's request at sentencing for the trial court to impose an extended-term sentence upon defendant for his conviction of predatory criminal sexual assault was consistent with Illinois law. We agree, and we further agree with the State that even if this record contains some basis for the argument that the State failed to comply with some statutory requirement pertaining to sentencing, that failure could not negate the trial court's subject-matter jurisdiction. *People v. House*, 202 Ill. App. 3d 893, 906, 506 N.E.2d 1224, 1233 (1990) (the jurisdiction of the circuit court is not conferred by indictment or information, but by article IV of the Illinois Constitution).

¶ 27     We conclude that the trial court did not lack subject-matter jurisdiction because the State did not specify before trial that it would intend to seek extended-term sentencing for defendant if he were convicted of predatory criminal sexual assault of a child.

¶ 28          B. The Trial Court Correctly Declined To Conduct a Hearing
                 on Defendant's Motion To Reduce Sentence

¶ 29     As already noted, this court in June 2015 filed a summary order in which we deemed void the extended-term sentence the trial court imposed upon defendant for his convictions of counts II and III and directed the trial court to amend defendant's sentencing order to show a seven-year sentence on each of those counts. In October 2015, the trial court followed this court's direction and entered an amended sentencing order reflecting the change we directed.

¶ 30     In November 2015, defendant *pro se* filed a motion for reduction of sentence. In January 2016, the trial court conducted a hearing on that motion, deemed it untimely, stated that the trial court would lack jurisdiction to entertain it, and denied the motion after declining to conduct a hearing thereon.

¶ 31     Defendant argues that the trial court erred because its amendment of his

- 8 -

sentencing order constituted a resentencing, which thereby vested the trial court with jurisdiction to hear his motion to reduce sentence. We disagree.

¶ 32    This court's summary order, in which we directed the trial court to modify defendant's sentencing order (which we quoted earlier), was not a remand to the trial court for the purpose of conducting a sentencing hearing. Instead, as the trial court correctly noted,

"[T]his was remanded to [me] for the sole purpose of entering the order that the [a]ppellate [c]ourt told me to enter. ***

The point being that it was not remanded to me to do a sentencing hearing.

***

The [a]ppellate [c]ourt directed me to impose a seven-year sentence on [c]ount II and III. That's what the [a]ppellate [c]ourt directed me to do. They did not direct me to have a sentencing hearing. If they don't direct me to have a sentencing hearing but direct me to impose that sentence, I'm obligated to do what they tell me to do, and that is impose that sentence. That's exactly what I did. And I have no discretion."

¶ 33    Section 5-8-1(c) of the Unified Code of Corrections (730 ILCS 5/5-8-1(c) (West 2006)), states that a motion to reduce sentence must be made "within 30 days after the sentence is imposed." A motion to reduce sentence filed outside that statutory time period is untimely, with the result that the trial court would lack jurisdiction to entertain it. *People ex rel. Carey v. Collins*, 81 Ill. 2d 118, 122, 405 N.E.2d 774, 777 (1980). As the trial court correctly concluded, defendant did not receive a new sentencing hearing in this case, and the legally authorized portions of his sentence have remained valid ever since the trial court imposed that sentence in 2006.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.