In the Matter of Petition to Annex Certain Land to the Village of Arlington Heights.
Kenneth C. Andregg, et. al., Petitioners-Appellees, v. Johanna Gosch, et al., Objectors-Appellants.

Gen. No. 48,951.

First District, First Division.

December 31, 1963.

Rehearing denied January 29, 1964.

Thomas A. Matthews and Byron S. Matthews, both of Chicago, for objectors-appellants.

Jack M. Siegel, of Chicago, for petitioners-appellees.

MR. PRESIDING JUSTICE ENGLISH delivered the opinion of the court.

The County Court decided, over objections, that a petition to annex a tract of land to the Village of Arlington Heights had been properly filed in compliance with statute (Ill Rev Stats, c 24, § 7–1), and referred the matter of annexation to the village authorities. The objectors have appealed.

The petitioners, eleven property owners and 26 electors, filed their petition on June 5, 1962. The tract as originally described covered 267 acres, but it was reduced to 218.8 acres by withdrawal of some 48 acres which, it developed, were owned by one of the objectors.

On June 7 the court set the petition for hearing on July 3 and the statutory publication of notice was made on June 14. One of the objectors read the notice in a newspaper, and on June 28 objections were filed on behalf of eight owners of property within the area. At the outset of the hearing on July 3 preliminary testimony was introduced by petitioners which is not in dispute. On motion of objectors the hearing was then continued to July 12. On that date objectors asked leave to file amended objections. When such filing was contested by petitioners the court took the matter under advisement, and, at the request of objectors for further time to prepare for trial, again continued the hearing, to July 16.

At the resumed hearing on the sixteenth the court permitted the amended objections to be filed. Petitioners contend here, as they did in the trial court, that it was error to allow the filing of these amendments because they were presented too late. In this, petitioners rely on section 7-1-3 of the Municipal Code which provides in part that "not less than five days prior to the date fixed for hearing, any interested person may file with the county clerk his objections . . . ." Petitioners also rely on the case of In re Petition to Annex Certain Territory to the Village of Mettawa, 33 Ill App2d 38, 178 NE2d 895.

We believe that neither of the cited authorities serves the petitioners' argument. There is no question but what the original objections in the case at bar were filed in apt time, whereas in the Mettawa case the only objections were filed a month late. Furthermore, it is conceded by petitioners that under the Mettawa opinion (page 47) amendments to objections may be permitted. Ill Rev Stats, c 110, § 46; In re Annexation of Territory in Kankakee County, 30 Ill App2d 391, 174 NE2d 710. Petitioners claim, however, that the amendments permitted in the case at bar were too extensive. We consider this to have been a matter within the discretion of the trial court, and do not believe that its exercise in this case was abused.

■ There were several issues thus raised by the objections as amended, including the contention of objectors that petitioners did not constitute "a majority of the owners of record of land" in the territory which was the subject of the proceedings. (Ill Rev Stats, c 24, § 7-1-2.)

The apparent plan of objectors in preparing for the hearing on July 16 was to seek to overcome the prima facie case established by the petition through the testimony of petitioners themselves. They had the right to proceed along this line, of course, if they saw fit

to do so, and toward that end a subpoena duces tecum was duly served on nine of the petitioner-owners on July 14 directing them to appear in court on July 16 with their documents of title, contracts of sale, tax receipts, and other papers relating to their alleged ownership of the land in question.

At the hearing on the sixteenth none of the subpoenaed petitioners appeared, thus demonstrating a patent conspiracy to defy the authority of the court's writs in order to thwart the trial objectives of their opponents. Counsel for objectors informed the court that the subpoenas had been served, that there had been no response, and that he could not proceed without these witnesses. He was required to proceed, however, and the court took no step whatsoever to enforce its subpoenas despite the fact that no justification was offered for the absence of the witnesses, and despite the further fact that these witnesses were the petitioners themselves who, of all persons, should be the last ones permitted to flaunt the authority of the court's process to the advantage of their own case.

Thus handicapped, the objectors did not receive a fair trial in the enforced hearing which ensued immediately, and unless we are prepared to hold that a subpoena, duly issued and served, is a meaningless scrap of paper, we must reverse the judgment order and remand the cause for a new trial. In view of this conclusion other points raised by objectors need not be considered.

■■ There remains for consideration, however, petitioners' motion to dismiss this appeal which was taken with the case.

First, they say, appeal does not lie, as an annexation may be attacked only by quo warranto proceedings, citing The People v. York, 247 Ill 591, 594, 93 NE 400; The People v. McKinnie, 277 Ill 342, 343, 115 NE 526;

People ex rel. McCarthy v. Firek, 5 Ill2d 317, 324, 125 NE2d 637; and other cases. This position is faulty in two respects: it is ordinarily applicable only as a prohibition to collateral attack such as a defense against a suit to collect taxes, or a complaint to enjoin the municipality from such collection; and it ignores recent legislative history. The original statute provided that there should be no review of the county court's order as to the legal sufficiency of an annexation petition. (Laws 1871–72, p 264, § 1.) In 1953 the statute was amended to classify an annexation order as an administrative decision and thus subject to review only in accordance with the Administrative Review Act. This amendment, of doubtful constitutionality (Fairbanks, Morse & Co. v. Freeport, 5 Ill2d 85, 125 NE2d 57), was superseded by the amendment of 1955 which states in pertinent part as follows: "Appeals shall lie from any final order of the county court as in other civil actions." (Ill Rev Stats, c 24, § 7-1-4.)

The 1955 provision remains in effect today, and in the interim appeals have been taken to the Appellate Court in a number of cases. See In re Annexation of Territory in Kankakee County, 30 Ill App2d 391, 174 NE2d 710; In re Petition of Flossmoor v. Mutual Nat. Bank, 23 Ill App2d 440, 163 NE2d 215; In re Petition to Annex Certain Territory to the Village of Mettawa, 33 Ill App2d 38, 178 NE2d 895. We are aware of no cases since the 1955 amendment which have limited direct attack to quo warranto, and, in fact, the Supreme Court in Taylor v. Krupp, 14 Ill2d 36, 150 NE 2d 581, on a direct appeal from an order of annexation, transferred the case to the Appellate Court as the proper tribunal for review on appeal under the statute with which we are now concerned.

Petitioners also contend that this appeal should be dismissed because, as we are advised by affidavit in

support of their motion, the Village of Arlington Heights, not a party to this litigation, has proceeded with an ordinance of annexation and the case has, therefore, become moot. To deprive objectors of their statutory appeal by such a bootstrap operation cannot be countenanced, for certainly the authority of the village to annex the land in question is dependent upon a proper order of the county court. The validity of the order in this case has been directly questioned, and the issue as to whether or not the petition for annexation complied with the statute has not yet been finally determined.

The motion to dismiss this appeal is denied, the order of the county court is reversed, and the cause is remanded for further proceedings not inconsistent with the views which we have herein expressed.

Reversed and remanded with directions.

MURPHY and BURMAN, JJ., concur.