RALSTON PURINA COMPANY, Plaintiff-Appellee, v. VILLAGE OF WOOD DALE et al., Defendants-Appellants.

(No. 70-276;

Second District—March 12, 1971.

Dom J. Rizzi and Samuel A. LaSusa, both of Chicago, for appellants.

Lawrence C. Traeger, Jr., of Chicago, for appellee.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The defendants have taken an interlocutory appeal to this court and seek to dissolve and vacate a restraining order entered in the Circuit Court of Du Page County on November 10, 1970, which restrained and temporarily enjoined the defendants from adopting an ordinance annexing the property in question.

On September 30, 1970, the plaintiff, Ralston Purina Company, filed a petition to annex land to the Village of Itasca, hereinafter referred to as Itasca. Thereafter, on October 30, 1970, the defendant Village of Wood Dale, hereinafter referred to as Wood Dale, under the provisions of ch. 24, par. 7-1-13, Ill. Rev. Stat. 1969, published a notice of annexation and set a special meeting on November 10, 1970, to consider the adoption of an ordinance annexing the land contained in the petition filed by the

plaintiff as hereafter stated. On November 9, 1970, the plaintiff filed a complaint for injunction seeking to enjoin the defendants from adopting the annexation ordinance.

The complaint alleges that the plaintiff owns approximately 81 acres of vacant land which it intends to develop in Itasca as a unified manufacturing district, and has a very substantial acquisition investment and development costs; that the 81 acres are contiguous to Itasca and that the west portion of 20 acres was annexed to Itasca in May, 1970, and is zoned as a Limited Manufacturing District; that the east part of said 81 acres, or approximately 60.95 acres, is unincorporated presently, although on September 30, 1970, the plaintiff filed a petition to annex it to Itasca. It further alleges that the plaintiff has expended $50,000 in site planning and engineering for the development of the project, together with $200,000 in grading and site work; that preliminary plans have been submitted to the Planning Commission and Board of Trustees of Itasca; that with respect to the 61 acres, the plaintiff has taken active steps to annex them to Itasca, and to have the premises rezoned, as evidenced by its September 30, 1970, petition for annexation to Itasca, and the October 21, 1970, filing of the petition with Itasca to rezone the premises on annexation; that a notice for public hearing to be held November 10, 1970, on the rezoning, was published in the Itasca Register; and that the plaintiff is proceeding diligently with his efforts for annexation and rezoning. Further, that Wood Dale, on October 30, 1970, published a notice of annexation in accordance with par. 7-1-13, ch. 24, Ill. Rev. Stat. 1969, but that no warning of this action or any notice was given to the plaintiff, although all the officials of Wood Dale knew the plaintiff was working with Itasca in the development of its industrial district; that Wood Dale seeks to divide the premises in its attempt to conclude an involuntary annexation of a portion of the plaintiff's land in violation of the statutes, their intent, and the law. The complaint concludes with the plaintiff's fear and apprehension that unless restrained by court action, Wood Dale would adopt the annexation ordinance for a portion of the plaintiff's premises, to the prejudice and financial loss and damage of the plaintiff which is irreparable. The prayer of the complaint is that the court issue a temporary restraining order forthwith restraining Wood Dale and its officials from taking any further actions to annex the land in question, and that a permanent injunction be issued.

Thereafter, a motion for a temporary restraining order was filed by the plaintiff, notice given, and a hearing conducted on November 10, 1970, which resulted in a restraining order being entered on that date enjoining the defendants from adopting an ordinance annexing the property until further order of the court. On November 23, 1970, the

defendants filed a motion to dissolve and vacate the restraining order. That motion was denied and this interlocutory appeal followed.

It is contended that the Circuit Court did not have jurisdiction to enjoin the defendants from performing a legislative act authorized by a valid statute and that the suit be dismissed. It thus appears that the sole ground relied upon for vacating the restraining order is that the court lacked jurisdiction. To the contrary, plaintiff maintains that the illegal or unlawful acts of a municipality are subject to the court's jurisdiction and control.

In *City of East St. Louis v. Touchette,* 14 Ill.2d 243, it was held that, where a petition for annexation to a city included, in part, land covered in a prior petition to incorporate a new city, which was later incorporated, and where the sustaining of the annexation proceedings would have destroyed the legal existence of the new city, a franchise was involved so that the Illinois Supreme Court had jurisdiction on direct appeal from an order approving annexation. There, the annexing city of East St. Louis contended that the Illinois Supreme Court lacked jurisdiction because a franchise was not involved and that the objectors were not interested parties under statutory provisions. The court, nevertheless, took jurisdiction, and under its interpretation of the statutes involved and the case law concluded that "it is clear that no proceedings for the annexation of a territory, or a part thereof, to any other municipality may be legally initiated after a petition for the organization of said territory into a city has been filed unless said organization is defeated."

In *City of Countryside v. Village of LaGrange,* 24 Ill.2d 163, it was said at page 166:

"* * * While the *Touchette* case on its facts applied only to a situation where an incorporation proceeding is pending at the time an annexation petition is filed, the reasoning of that case makes it clear that the same result must be reached where an annexation petition is pending at the time another annexation proceeding is commenced. A proceeding for annexation itself involves an incorporation of the previously unincorporated territory. (*People ex rel. Quisenberry v. Ellis,* 253 Ill. 369, 375.) Since Countryside's annexation petition was on file in the county court prior to the purported annexation by the village of LaGrange, it necessarily follows under the doctrine of the *Touchette* case that LaGrange had no power or authority to effect an annexation of the same territory so long as Countryside's petition was on file and undefeated."

■■ In *Village of Oak Lawn v. Village of Bridgeview,* 92 Ill.App.2d 284, it was decided that the defendant village could not legally proceed on a petition to annex land included in a larger tract of land for which the

county court had previously entered an order approving a petition for annexation to another village, and quoted the language in the *Touchette* case. It is thus apparent that the courts in the cases heretofore cited had no problem with asserting jurisdiction to invalidate the illegal but legislative acts of a municipality. Although none of those cases directly decided the question of the jurisdiction of the court to pass upon such matters, the court has jurisdiction to enjoin the illegal acts of a legislative body. In *Ziebell v. Village of Posen*, 257 Ill.App. 32, it was held that as a general proposition an injunction will lie to prevent unlawful acts of a municipal corporation, and stated at page 38:

"In the case at bar the territory had not yet been annexed and the defendant had not yet assumed to exercise control over it when the bill was filed; consequently, it was not possible by *quo warranto* to inquire by what right the village exercised authority over the territory. Under such circumstances complainant properly sought the assistance of a court of equity. *People v. McWeeney*, 259 Ill. 161; *Morgan Park v. City of Chicago*, 255 Ill. 190."

In *Morgan Park v. City of Chicago*, 255 Ill. 190, an election was held to annex the village of Morgan Park to the city of Chicago. After a canvass of the election, the results were declared to be in favor of annexation, and the city of Chicago took possession of the property of the village and assumed jurisdiction over the territory. Thereafter, the village filed a complaint in the Circuit Court of Cook County against the city and prayed for an injunction restraining the city from exercising jurisdiction over the village. The court, in that case, said at page 194:

"The last suggestion in the brief and argument for the appellant is that the court of equity had no jurisdiction. While a court of equity will not take jurisdiction merely to determine the legality of an election, it will exercise its jurisdiction to protect property rights from unlawful interference, although the determination of the question whether the interference is unlawful may depend upon the question whether an election was legal."

■■ Both annexation proceedings involved herein are authorized by statute but there appears to be no section in ch. 24, Ill. Rev. Stat. 1969, the Illinois Municipal Code, which covers the problem as to the preference of prior annexation proceedings such as we have here. Therefore, the case law must be followed. For the reasons stated, the trial court properly entered the restraining order.

The judgment of the Circuit Court of Du Page County is affirmed.

Judgment affirmed.

T. MORAN, P. J., and GUILD, J., concur.