STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Petitioner-Appellant, *v.* DONALD STUCKEY *et al.*, Respondents-Appellees.

Second District No. 82—241

Opinion filed January 17, 1983.—Rehearing denied March 10, 1983.

Glen E. Amundsen and Victor J. Piekarski, both of Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago, for appellant.

William J. O'Connor and Thomas C. Bielinski, both of Chicago, for appellees.

JUSTICE REINHARD delivered the opinion of the court:

State Farm Mutual Automobile Insurance Co. (State Farm) appeals from a February 24, 1982, order of the Du Page County circuit court which denied its petition to vacate an arbitration award in favor of Donald Stuckey, Judith Stuckey and Todd Stuckey (Stuckeys), and granted their petition to confirm the arbitration award. The only issue State Farm raised on appeal in its appellate brief was whether the arbitrators exceeded their powers under section 12 of the Uniform Arbitration Act (Ill. Rev. Stat. 1981, ch. 10, par. 112) when they refused to apply the Dead Man's Act (Ill. Rev. Stat. 1981, ch. 51, par. 2) to bar the testimony of Donald Stuckey in the arbitration proceedings. Stuckeys asserted in their appellate brief that the arbitrators' decision as to the applicability of the Dead Man's Act to the arbitration proceedings is not a proper matter for judicial review. State Farm in its reply brief then raised the question whether Stuckeys have waived their right to challenge the circuit court's review of the arbitrators' decision on the applicability of the Dead Man's Act by failing to cross-appeal from the trial court's determination that it had the authority to review the arbitrators' decision.

The parties agree on the basic facts. Donald Stuckey was covered by an automobile insurance policy issued by State Farm. The policy included uninsured motorist coverage. In the event of an accident involving an uninsured motorist, the policy required State Farm to pay,

within the policy limits, all sums which the insured would be legally entitled to recover as damages from the uninsured motorist. The policy provided that if the parties were unable to agree whether payment was owing, or on the amount owing, under the policy, that the decision would be made by arbitration. The policy also provided that the arbitration would be conducted "in accordance with the usual rules governing procedure and admission of evidence in courts of law."

On December 24, 1975, Stuckeys were involved in a collision with Robert G. Talman, an uninsured motorist. Stuckeys were injured as the result of this collision and sought recovery under the policy. On June 18, 1981, the matter of recovery was presented for arbitration. At the arbitration hearing, a certified copy of Talman's death certificate was presented showing that he had died on July 28, 1979. State Farm then moved to bar the testimony of Donald Stuckey based on the Dead Man's Act. The arbitrators found that State Farm was not defending the action as a representative of Talman because State Farm did not fall within the definition of "representative" given in the Dead Man's Act. Thus, State Farm's motion was denied and Donald Stuckey was allowed to testify over State Farm's objection.

On September 10, 1981, the arbitrators awarded $72,000 to Donald Stuckey, $120,000 to Judith Stuckey and $10,500 to Todd Stuckey. State Farm filed a petition to vacate this award in the circuit court. The trial court denied this petition and confirmed the award, but modified it by reducing the amount awarded to Judith Stuckey to $100,000. This reduction is not an issue on appeal.

■ Before reaching the legal arguments advanced by the parties, we must first consider State Farm's motion pursuant to Supreme Court Rule 329 (87 Ill. 2d R. 329) to supplement the record with the transcript of the arbitration proceedings. Rule 329 allows the parties to supplement the record with documents that were before the trial court but were not contained in the record on appeal. (See *Schumann v. IPCO Hospital Supply Corp.* (1981), 93 Ill. App. 3d 1053, 1055-56, 418 N.E.2d 161.) However, matters not properly in the record will not be considered on review. (*Gille v. Winnebago County Housing Authority* (1970), 44 Ill. 2d 419, 427, 255 N.E.2d 904.) The transcript of the arbitration proceedings in this case was never filed in the trial court or considered by the trial judge. Since documents which are not a part of the trial court record and were not considered by the trial court will not be considered on appeal (*Cato v. Thompson* (1980), 83 Ill. App. 3d 321, 325, 403 N.E.2d 1239; *Santucci Construction Co. v. Metropolitan Sanitary District* (1972), 9 Ill. App. 3d 491, 492, 292 N.E.2d 579), State Farm's motion to supplement the record with the

transcript of the arbitration proceedings is denied.

Stuckeys maintained in the trial court and in their appellate brief that the decision of the arbitrators on the applicability of the Dead Man's Act is not a proper matter for judicial review. While the trial court found that the arbitrators were correct in denying application of the Dead Man's Act, the trial court also decided that it had the power to determine the correctness of the arbitrators' evidentiary ruling under that Act. Initially, we must determine whether State Farm is correct when it argues that Stuckeys have waived this argument by failing to file a cross-appeal from the trial court's ruling that the court had authority to review the arbitrators' decision in this respect.

■■ ■ An appellee may advance any ground supported by the record to sustain a trial court judgment in his favor. (*Vendo Co. v. Stoner* (1974), 58 Ill. 2d 289, 307, 321 N.E.2d 1; *Spencer v. Community Hospital* (1980), 87 Ill. App. 3d 214, 218, 408 N.E.2d 981.) A cross-appeal is not required to enable the appellee to raise these grounds. (*People ex rel. Barrett v. Bradford* (1939), 372 Ill. 63, 65-66, 22 N.E.2d 691; *Pate v. City of Sesser* (1979), 75 Ill. App. 3d 233, 240, 393 N.E.2d 1146; *Peterson v. Norfolk & Western Ry. Co.* (1976), 42 Ill. App. 3d 570, 572-73, 356 N.E.2d 391.) Thus, we hold that Stuckeys were not required to cross-appeal from the trial court's finding that it was empowered to review the arbitrators' ruling in order to argue its nonreviewability, since this ground for upholding the trial court was urged by Stuckeys below and appears in the record. The cases cited by State Farm, *Zettel v. Paschen Contractors, Inc.* (1981), 100 Ill. App. 3d 614, 427 N.E.2d 189, and *DePhillips v. Mortgage Associates, Inc.* (1972), 8 Ill. App. 3d 759, 291 N.E.2d 329, are inapposite.

In *Zettel*, the appellee sought to assert a factual defense which the trial court had decided against it and from which it did not cross-appeal. In *DePhillips*, the trial court found against appellee on one count of appellants' two-count complaint but dismissed the appellants' other count. The court also determined that appellants could not prosecute a class action as to the count found in their favor. Appellants appealed the denial of the class action and also the dismissal of the second count. Appellee did not cross-appeal the finding in appellants' favor on the other count and therefore was barred from arguing the incorrectness of that finding as a ground to uphold the denial of the class action.

Stuckeys contend that an arbitrator's award must not be set aside because of errors in judgment or mistakes of law committed by the arbitrators. Our supreme court has recently reaffirmed the principle

that it is preferable that disputes be settled without litigation in the context of the Uniform Arbitration Act. (*Garver v. Ferguson* (1979), 76 Ill. 2d 1, 8-9, 389 N.E.2d 1181.) Because of this preference, judicial review of an arbitrator's award is more limited than appellate review of a trial court's decision. (76 Ill. 2d 1, 8, 389 N.E.2d 1181; *Seither & Cherry Co. v. Illinois Bank Building Corp.* (1981), 95 Ill. App. 3d 191, 195, 419 N.E.2d 940.) Thus, whenever possible, a court must uphold an arbitrator's award. *Board of Education v. Chicago Teachers Union, Local No. 1* (1981), 86 Ill. 2d 469, 477, 427 N.E.2d 1199.

■■ ■ It is a well-settled principle that an arbitrator's award cannot be set aside because of errors in judgment or mistakes of law or fact made by the arbitrator. (*Board of Education v. Chicago Teachers Union, Local No. 1* (1981), 86 Ill. 2d 469, 477, 427 N.E.2d 1199; *Garver v. Ferguson* (1979), 76 Ill. 2d 1, 7, 389 N.E.2d 1181; *Binkley v. Maros* (1979), 79 Ill. App. 3d 105, 108, 398 N.E.2d 321; *Freeport Construction Co. v. Star Forge, Inc.* (1978), 61 Ill. App. 3d 999, 1006, 378 N.E.2d 558.) Here, the arbitrators decided that State Farm was not within the class of representatives defined in the Dead Man's Act. Based on this interpretation, they declined to apply the act in the arbitration proceeding. The interpretation of a statute is a decision of law, and therefore, whether the arbitrators made a mistake in deciding that the Dead Man's Act did not apply, is a question not reviewable by the courts. See *Board of Education v. Chicago Teachers Union, Local No. 1* (1981), 86 Ill. 2d 469, 477, 427 N.E.2d 1199; *Garver v. Ferguson* (1979), 76 Ill. 2d 1, 7, 389 N.E.2d 1181.

However, State Farm also argues that the arbitrators' decision not to apply the Dead Man's Act here was not merely a mistake of law. Rather, State Farm contends the arbitrators exceeded their powers "by refusing to apply an applicable evidentiary rule during the course of the arbitration hearing contrary to the expressed [*sic*] provisions of the insurance contract governing the arbitration." State Farm argues that section 12(a)(3) of the Uniform Arbitration Act (Ill. Rev. Stat. 1981, ch. 10, par. 112(a)(3)) grants the court the power to vacate, correct, or modify an award where the arbitrators have exceeded their powers.

Although somewhat obfuscated, it appears that the "expressed [*sic*] provisions" of the insurance contract, which State Farm maintains defined the arbitrators' powers, are found in the language "the arbitration shall be conducted *** in accordance with the usual rules governing procedure and admission of evidence in courts of law." State Farm then contends the courts may review the arbitrators' decision on the applicability of the Dead Man's Act.

■■ Section 12(a)(3) of the Uniform Arbitration Act (Ill. Rev. Stat. 1981, ch. 10, par. 112(a)(3)) provides that an arbitration award shall be vacated where the "arbitrators exceeded their powers." In *Garver v. Ferguson* (1979), 76 Ill. 2d 1, 389 N.E.2d 1181, the supreme court adopted a standard for examining an arbitrator's construction of a contract under section 12(a)(3). The standard the court adopted, quoting from the chairman of the committee that drafted the Uniform Arbitration Act, was " 'whether the construction of the contract made by the arbitrator is a reasonably possible one that can seriously be made in the context in which the contract was made. *** [I]f all fair and reasonable minds would agree that the construction of the contract made by the arbitrator was not possible under a fair interpretation of the contract, then, the court would be bound to vacate or refuse to confirm the award.' [Citation.]" 76 Ill. 2d 1, 9-10, 389 N.E.2d 1181.

Applying this standard, we cannot say that the arbitrators unfairly interpreted the clause of the contract requiring the application of the "usual rules governing procedure and admission of evidence in courts of law." The contract provisions do not expressly place the insurer in the position of the uninsured motorist with respect to the evidentiary rule of the Dead Man's Act. Therefore, the arbitrators did not exceed their authority, as set forth in the contract, in determining what evidence was admissible in accordance with the usual rules in courts of law. Thus, the arbitrators' decisions during the hearing on evidentiary questions, including the applicability of the Dead Man's Act, were legal rulings not subject to review under section 12(a).

For the foregoing reasons, the order of the trial court is affirmed.

Affirmed.

VAN DEUSEN and NASH, JJ., concur.