958

*In re* J.B., a Minor (The People of the State of Illinois, Plaintiff-Appellee, v. J.B., Defendant-Appellant).

First District (2nd Division)   No. 85—237

Opinion filed December 3, 1985.

James J. Doherty, Public Defender, of Chicago (Alison Edwards, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Beth Herndobler, and James P. Stevenson, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE STAMOS delivered the opinion of the court:

J.B., a minor, was tried in criminal court on a charge of armed robbery but was found guilty only of robbery. He was adjudicated delinquent and sentenced to two years of juvenile probation. Seven weeks later, the trial court reversed its finding of delinquency and, in a *nunc pro tunc* order, convicted the defendant of robbery. J.B. now appeals from this *nunc pro tunc* order.

Defendant, J.B., was accused of having committed armed robbery with a firearm. Although only 15 years old, he was prosecuted in criminal court pursuant to section 2—7(6) of the Juvenile Court Act (Ill. Rev. Stat. 1983, ch. 37, par. 702—7(6)). At his bench trial, the defendant conceded that he and a companion had robbed the complainant of her purse, but he denied having used a weapon during the robbery.

The defendant was found guilty of robbery. The court concluded, however, that given J.B.'s tender age, he should be sentenced to juvenile probation for two years. Defense counsel advised the court that under section 2—7(6), it could not convict J.B. of an "adult" criminal charge and, at the same time, sentence him to juvenile probation. According to the defense counsel, the correct disposition under the statute was to adjudicate the minor delinquent and then to sentence him to juvenile probation. Pursuant to this advice, the court found J.B. delinquent and directed that he serve two years' probation in the juvenile court system.

Almost seven weeks after defendant's trial, the State moved to amend the record to reflect a criminal conviction for J.B. The State argued that the court had erred in finding J.B. delinquent. According to the State, the judge should have entered a criminal conviction for robbery and then sentenced J.B. to juvenile probation. The judge said that his original intention was to convict J.B. but that he had been led astray by the defense counsel. Accordingly, the court issued a *nunc pro tunc* order, in which it found J.B. guilty of robbery, entered a judgment on that finding, and sentenced the defendant to juvenile probation. J.B. appeals from this amended judgment.

The sole issue presented by this case is whether the trial court had jurisdiction to amend its judgment more than 30 days after it was entered. It is well settled that 30 days after the trial court has en-

tered a final judgment, it loses jurisdiction of a case. (*People ex rel. Carey v. Collins* (1980), 81 Ill. 2d 118, 123, 405 N.E.2d 774; *People ex rel. Carey v. Rosin* (1979), 75 Ill. 2d 151, 157-58, 387 N.E.2d 692; *People v. Heil* (1978), 71 Ill. 2d 458, 462-64, 376 N.E.2d 1002; *People v. Thompson* (1976), 38 Ill. App. 3d 101, 103, 347 N.E.2d 481; *People v. Green* (1975), 34 Ill. App. 3d 153, 156, 340 N.E.2d 58.) According to the Uniform Code of Corrections, a court has only 30 days to modify a sentence, and this statutory provision does not "enlarge the jurisdiction of the court for any other purpose." (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(c).) Furthermore, even where a more severe punishment could have been imposed, the State can not stand mute at the original proceeding and later try to persuade the court to alter "the 'manner and severity of defendant's disposition.' " *People v. Knowles* (1979), 76 Ill. App. 3d 1004, 1013, 395 N.E.2d 706; see also *People v. Muellner* (1979), 70 Ill. App. 3d 671, 683-84, 388 N.E.2d 851.

In the present situation, the State did not object at trial to the original order in J.B.'s case, so it was foreclosed from asking for a more serious disposition later. Moreover, the court was powerless to modify a final judgment 47 days after it was rendered.

The State argues, however, that the court did not make a substantive change, but merely amended the record pursuant to Supreme Court Rule 329 (87 Ill. 2d R. 329). Rule 329 allows amendment of the record even after the expiration of 30 days if necessary to rectify "[m]aterial omissions or inaccuracies or improper authentication." (87 Ill. 2d R. 329.) The State contends that when the trial judge changed J.B.'s adjudication of delinquency to a criminal conviction, he simply corrected an error in the writing that memorialized the defendant's trial.

■ It is clear that Rule 329 does not encompass the present situation. Before or after the 30-day period during which the trial court retains control of a case, a record may be amended by a *nunc pro tunc* order to "correct clerical errors and to make the record speak the truth." (*People v. Wos* (1946), 395 Ill. 172, 175, 69 N.E.2d 858; see also *People v. Okulczyk* (1951), 410 Ill. 115, 118-19, 101 N.E.2d 529, cert. denied (1952), 342 U.S. 907, 96 L. Ed. 2d 678, 72 S. Ct. 300.) Under Rule 329, it is possible to supply omissions, correct errors, and settle any controversy about whether the record on appeal accurately reflects what occurred at trial. (87 Ill. 2d R. 329.) However, the reviewing court should not allow substantive changes in the record which, in effect, make a "new case." (*Southland Corp. v. Village of Hoffman Estates* (1970), 130 Ill. App. 2d 311, 316, 264 N.E.2d 451.)

Neither is Rule 329 available to alter what the appeals court determines is an accurate representation of what transpired during the proceedings below. (*People v. Chitwood* (1977), 67 Ill. 2d 443, 447, 367 N.E.2d 1331.) If the mistake concerns something the trial court considered but disposed of erroneously, then this is judicial error and can not be corrected by the court in a *nunc pro tunc* order. *People v. Wos* (1946), 395 Ill. 172, 176, 69 N.E.2d 858.

In the present case, the trial court did not merely correct an inaccuracy in the record. Instead, the court attempted to make a substantive change in its previous judgment. Initially, the court found the defendant guilty of an "adult" criminal charge of robbery and sentenced him to juvenile probation. Then the court deferred judgment and entered a finding of delinquency. The court made this change because defense counsel said that under section 2—7(6)(c) of the Juvenile Court Act, the court could not order an "adult" conviction along with juvenile probation. Almost two months later, the trial court decided that it had erred in adjudicating J.B. delinquent. Accordingly, the court reinstated the defendant's criminal conviction but left intact his juvenile probation.

A survey of case law and legislative history fails to reveal a definitive approach to the proper disposition of a case under section 2—7(6)(c) of the Juvenile Court Act. The statute itself provides that a 15- or 16-year-old defendant shall be prosecuted as an adult when he is charged with murder, rape, deviate sexual assault, or armed robbery with a firearm. (Ill. Rev. Stat. 1983, ch. 37, par. 702—7(6)(a).) Then, if a defendant is finally convicted of an offense not covered by the statute, such conviction shall not invalidate the verdict or prosecution, but "in sentencing, the court shall have available any or all dispositions prescribed for that offense pursuant to Chapter V of the Unified Code of Corrections and Article 5 of the Juvenile Court Act." Ill. Rev. Stat. 1983, ch. 37, par. 702—7(6)(c).

Technically, a "disposition" under article 5 of the Juvenile Court Act does not include an adjudication of delinquency. A finding of delinquency is covered by articles 2 and 4, while article 5 governs juvenile "sentencing" once a minor has been found delinquent. (See Ill. Rev. Stat. 1983, ch. 37, pars. 702—2, 704—8, 705—2.) It seems, therefore, that section 2—7(6)(c) may not contemplate that the criminal court will make a finding of delinquency; rather, the statute provides that the minor's punishment may be administered by the juvenile court once he is convicted of an "adult" criminal charge.

■ Although the statute does not explicitly provide for a finding of delinquency, the criminal court does have the power to enter such

an order. The Juvenile Court Act does not divest the circuit court of jurisdiction to handle a juvenile matter. (*People v. Hall* (1977), 55 Ill. App. 3d 341, 343, 371 N.E.2d 26.) The juvenile court is merely a division of the single, unified circuit court. (*People v. Woods* (1979), 78 Ill. App. 3d 431, 440, 396 N.E.2d 1204; *People v. Nichols* (1978), 60 Ill. App. 3d 919, 922, 377 N.E.2d 815.) Moreover, the adjudication of delinquency is not a finding within the peculiar expertise of the juvenile court judge, since the delinquent minor is simply one who has violated any Federal, State, or municipal law. (Ill. Rev. Stat. 1983, ch. 37, par. 702—2.) In fact, an adjudication of delinquency is embodied in a dispositional order subjecting the child to the supervision of the juvenile court, even when no such finding is made explicit. (*In re J.N.* (1982), 91 Ill. 2d 122, 128-29, 435 N.E.2d 473.) Therefore, a finding of delinquency may be fairly implied from the criminal court's sentence of juvenile probation in this case.

In addition to the fact that a criminal court judge has the power to enter an adjudication of delinquency, it is clear from the legislative history of section 7—2(6)(c) that such an alternative should be available when a minor is tried in criminal court. The provision in section 7—2(6)(c) allowing a criminal court judge to dispose of a case under the Juvenile Court Act was added to the statute to protect a minor found guilty of a less serious offense than the one for which he was charged. The legislators wanted to be certain that a child charged with one of the four felonies enumerated in the statute, but convicted of a less serious offense, would be treated in the same way as a child charged with the less serious offense in the first place. Debates in the House of Representatives, S.B. 1231, 82d Illinois General Assembly, June 24, 1982, at 72.

In order to ensure that similarly situated juvenile offenders are treated equally, we hold that a criminal court judge may adjudicate a minor delinquent pursuant to section 7—2(6) of the Juvenile Court Act. The judge is still free, however, to enter a criminal conviction and juvenile punishment if he deems that the proper course. Alternatively, the judge may sentence a juvenile defendant pursuant to Unified Code of Corrections. In arriving at its decision, the judge should rely on his sound discretion, guided by the factors used in determining whether to transfer a child from juvenile to criminal court. *People v. Williamson* (1985), 131 Ill. App. 3d 321, 324, 475 N.E.2d 938.

The judge in this case adjudicated the defendant delinquent, and the record accurately reflects this disposition. The court considered its options under the statute, and if it ruled erroneously, then

this error was judicial, not clerical, in nature. Since there was no controversy as to what actually happened at trial, the judge could not use Rule 329 to alter what he subsequently decided was an ill-considered judgment. Having no jurisdiction to make the change that it did, the court's *nunc pro tunc* order is void. See *People ex rel. Barrett v. Sbarbaro* (1944), 386 Ill. 581, 592, 54 N.E.2d 559.

In light of the foregoing, the judgment of the trial court, rendered on September 19, 1984, should be reinstated, and the court's order of November 5, 1984, is reversed.

Reversed and remanded with directions.

HARTMAN and BILANDIC, JJ., concur.