NAMEOKI TOWNSHIP *et al.*, Plaintiffs-Appellants, v. VON DEE CRUSE, as Mayor of Granite City, *et al.*, Defendants-Appellees.

Fifth District  No. 5—86—0475

Opinion filed May 20, 1987.

Irvin Slate, Jr., and Ronald R. Slemer, both of Granite City, for appellants.

Leo H. Konzen, of Leuders, Robertson & Konzen, of Granite City, for appellee Granite City Steel Division of National Steel Corporation.

John J. Hopkins, Assistant City Attorney, of Granite City, for other appellees.

JUSTICE HARRISON delivered the opinion of the court:

Plaintiffs, Nameoki Township, the commissioner of highways of Nameoki Township, and the Long Lake Fire Protection District, appeal from an interlocutory order of the circuit court of Madison County dismissing those counts of their complaint which sought an injunction to restrain the annexation of certain property belonging to defendant Granite City Steel Division of National Steel Corporation (Granite City Steel) by the city of Granite City and the township of Granite City. For the reasons which follow, we affirm and remand for further proceedings.

At the time of the events giving rise to this litigation, the property which is the subject of the dispute was located in an unincorporated area within the boundaries of Nameoki Township. A portion of it was also part of the Long Lake Fire Protection District. The prop-

erty was contiguous to the city of Granite City which, in turn, embraced the township of Granite City. It was owned by Granite City Steel, and no electors resided there. On July 11, 1986, Granite City Steel notified plaintiffs of its intention to petition the city council of the city of Granite City for annexation of the property to that municipality pursuant to sections 7—1—1 and 7—1—8 of the Illinois Municipal Code (Ill. Rev. Stat. 1985, ch. 24, pars. 7—1—1, 7—1—8). Because the township of Granite City was embraced within the city of Granite City, the effect of such an annexation would have been to disconnect the property from Nameoki Township, remove it from the Long Lake Fire Protection District, and make it a part not only of the city of Granite City, but also of the township of Granite City. (See Ill. Rev. Stat. 1985, ch. 139, par. 127.) The petition was filed with the municipal clerk of the city of Granite City on July 15, 1986, and was to be presented to the city council the following week on July 22, 1986.

On July 17, 1986, plaintiffs filed a nine-count complaint in the circuit court of Madison County regarding this proposed annexation. Named as defendants were the mayor of Granite City, the municipal and township clerk of Granite City, the aldermen and township trustees of Granite City, and the supervisor of the township of Granite City (hereinafter referred to collectively as Granite City), Granite City Steel, the county clerk of Madison County, and the Madison County recorder of deeds. In the complaint, all three plaintiffs alleged that they had not been given proper notice of the proposed annexation as required by section 7—1—1 of the Illinois Municipal Code (Ill. Rev. Stat. 1985, ch. 24, par. 7—1—1) and were therefore denied a reasonable opportunity to respond to the annexation petition before action was taken on it. Nameoki Township and its commissioner of highways each further alleged:

(1) that the description and map of the property to be annexed, attached as exhibits to the annexation petition, were vague and ambiguous;

(2) "that special tax considerations were given to Granite City Steel by the City of Granite City and Granite City Township to the detriment of other taxing bodies, contrary to an agreement entered in 1985, by said taxing bodies, and against public policy and the Illinois Revenue Code";

(3) that annexation would make part of Nameoki Township a "small island"; and

(4) that annexation would substantially destroy Nameoki Township's tax base and end its viability as a governmental entity.

Based upon the foregoing allegations, plaintiffs' complaint requested a temporary restraining order (counts I through III) and preliminary and permanent injunctive relief (counts IV through VI) to block the proposed annexation, as well as a declaratory judgment (counts VII through IX) holding the annexation attempt to be illegal and invalid. No action was taken to procure a temporary restraining order, but on July 21, 1986, the day before the scheduled city council meeting, a hearing was held on plaintiffs' request for a preliminary injunction. At that hearing, Granite City and Granite City Steel moved to dismiss the complaint under section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615) on the grounds that it failed to state a cause of action. Following arguments by counsel, the circuit court ruled that the complaint did not allege sufficient facts upon which to base an injunction, but did show that plaintiffs had an adequate remedy at law, namely, *quo warranto*. Accordingly, the court dismissed those counts of the complaint relating to injunctive relief, allowed plaintiffs to proceed on their counts for a declaratory judgment, and granted plaintiffs leave to amend the complaint to bring a proceeding in *quo warranto*. The following day, July 22, 1986, plaintiffs filed their notice of appeal. No cross-appeal was taken by the defendants from the circuit court's refusal to dismiss the counts for declaratory judgment, and that part of the court's order is not at issue. We now affirm.

Before addressing the merits of the appeal, we must first consider three motions which have been taken with the case by previous order of this court. The first, filed by plaintiffs on December 31, 1986, requests leave to amend their notice of appeal to conform to the technical requirements of Supreme Court Rule 307(a) (87 Ill. 2d R. 307(a)) by changing the caption to specify that the appeal is interlocutory in nature. Defendants oppose this motion, arguing that under Supreme Court Rules 303(c)(4) and 303(e) (103 Ill. 2d Rules 303(c)(4), 303(e)) it is untimely. We need not decide the matter, however, for it can have no possible effect on the resolution of this appeal.

■ There is no dispute that plaintiffs were entitled to bring an interlocutory appeal pursuant to Supreme Court Rule 307(a)(1), which provides that "[a]n appeal may be taken to the Appellate Court from an interlocutory order *** granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." (87 Ill. 2d R. 307(a)(1).) Interlocutory appeal is available as a matter of right under this rule where, as here, the circuit court has ordered the dismissal or striking of any count of a complaint seeking injunctive relief. (*Ording v. Springer* (1980), 88 Ill. App. 3d 243, 245, 410 N.E.2d 428, 430; see

*Hutter v. Lake View Trust & Savings Bank* (1977), 54 Ill. App. 3d 653, 655, 370 N.E.2d 47, 48-49, *cert. denied* (1978), 439 U.S. 1004, 58 L. Ed. 2d 679, 99 S. Ct. 615.) Nor is there any doubt that plaintiffs' original notice of appeal, filed one day after the circuit court's order, was timely. (87 Ill. 2d R. 307(a); *cf. In re Adoption of Anderson* (1980), 88 Ill. App. 3d 42, 43-44, 410 N.E.2d 374, 375-76.) Plaintiffs propose no substantive changes to that original notice. This is not a case where a party belatedly attempts to raise either a part of the circuit court's judgment which was not specified in the original notice (see *In re D.M.A.* (1985), 136 Ill. App. 3d 1027, 1029, 483 N.E.2d 1022, 1025; *Reeder v. Old Oak Town Center* (1984), 124 Ill. App. 3d 1045, 1048, 465 N.E.2d 113, 116) or a separate order entered by the circuit court subsequent to the filing of the original notice (see *Herman v. Hamblet* (1980), 81 Ill. App. 3d 1050, 1053, 401 N.E.2d 973, 977).

Here, plaintiffs' amended notice is directed to precisely the same order as specified in the original notice. The only problem which plaintiffs seek to remedy is that the original notice is designated as "Notice of Appeal" rather than as "Notice of Interlocutory Appeal" as required by Supreme Court Rule 307(a) (87 Ill. 2d R.307(a)). Our supreme court has held, however, that "[u]nless the appellee is prejudiced thereby, the absence of strict technical compliance with the form of the notice is not fatal, and where the deficiency in the notice is one of form only, and not of substance, the appellate court is not deprived of jurisdiction." *Burtell v. First Charter Service Corp.* (1979), 76 Ill. 2d 427, 434, 394 N.E.2d 380, 383.

■ In this case, no such prejudice has been claimed. The original notice, "when considered as a whole, fairly and adequately sets out the judgment complained of and the relief sought so that the successful party [below] is advised of the nature of the appeal." (76 Ill. 2d 427, 433-34, 394 N.E.2d 380, 383.) It clearly specifies that it is addressed to the circuit court's order dismissing plaintiffs' claims for injunctive relief, and the parties have proceeded on appeal as though the issues raised before the trial court were properly before this court. Indeed, it was not until after all briefs had been filed and plaintiffs had moved for amendment of their notice that the technical sufficiency of the original notice was even questioned. Under these circumstances, we hold that our jurisdiction to review the trial court's interlocutory order of July 21, 1986, under Supreme Court Rule 307(a) (87 Ill. 2d R. 307(a)) has been adequately preserved. Accordingly, whether plaintiffs' motion to amend their notice should be granted is entirely academic, and, as has frequently been stated, a re-

viewing court will not consider questions or contentions which are not essential to a determination of the case before it. *Unger v. Nunda Township Rural Fire Protection District* (1985), 135 Ill. App. 3d 758, 764, 482 N.E.2d 123, 126.

■■ The second motion before us, also filed by plaintiffs, seeks leave to supplement the record on appeal pursuant to Supreme Court Rule 329 (87 Ill. 2d R. 329). Rule 329 provides a mechanism by which parties may supply omissions, correct errors, and settle any controversy about whether the record on appeal accurately reflects what occurred at trial. (*In re J.B.* (1985), 138 Ill. App. 3d 958, 960, 487 N.E.2d 52, 53.) Similarly, it states that "[i]f the record is insufficient to present fully and fairly the questions involved, the requisite portions may be supplied at the cost of the appellant," and "[i]f necessary, a supplemental record may be certified and transmitted." 87 Ill. 2d R. 329.

■■ This rule has been construed to authorize supplementation of the record only with documents which were actually before the trial court. (*State Farm Mutual Automobile Insurance Co. v. Stuckey* (1983), 112 Ill. App. 3d 647, 649, 445 N.E.2d 791, 792; *Cato v. Thompson* (1980), 83 Ill. App. 3d 321, 325, 403 N.E.2d 1239, 1242.) In this case, however, the material which is the subject of plaintiffs' motion consists of 10 exhibits which were never filed in the trial court or considered by the trial judge. Such material will not be considered on appeal (*State Farm Mutual Automobile Insurance Co. v. Stuckey* (1980), 112 Ill. App. 3d 647, 649, 445 N.E.2d 791, 793.) In the words of one court, "[t]o hold otherwise would transmute [Rule 329] into an authorization for trial de novo in the reviewing court." (*People v. Carroll* (1977), 49 Ill. App. 3d 387, 396, 364 N.E.2d 408, 415.) Plaintiffs' motion is therefore denied.

■■ Finally, defendants have moved to dismiss this appeal on the ground that it has become moot. As noted above, plaintiffs filed their notice of appeal in this cause on July 22, 1986. Later that day, the city of Granite City enacted an ordinance annexing the same property which was the subject of the claims for injunctive relief that are now before us for review. While this ordinance is not in the record on appeal, it is a proper subject for judicial notice under sections 8—1001 and 8—1002 of our Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, pars. 8—1001, 8—1002). *Island Lake Water Co. v. La Salle Development Corp.* (1986), 143 Ill. App. 3d 310, 317, 493 N.E.2d 44, 49.

Our court has recently held that a dispute is moot "where no actual rights or interests of the parties remain or where events occur which render it impossible for the reviewing court to grant effectual

relief to either party." (*In re Marriage of Holem* (1987), 153 Ill. App. 3d 1095, 1098.) Defendants assert that this appeal presents such a situation. In their view, a ruling on the dismissal of plaintiffs' claims for injunctive relief can have no practical effect because the annexation which plaintiffs sought to enjoin is now an accomplished fact, the status quo which plaintiffs sought to preserve no longer exists and plaintiffs may still challenge the annexation on the merits through a proceeding in *quo warranto.*

To support their position, defendants cite *Schnepper v. American Information Technologies, Inc.* (1985), 136 Ill. App. 3d 678, 483 N.E.2d 987. Invoking the principle that "equity will not require the defendant temporarily to undo what has been legitimately done," the court in that case did dismiss as moot an appeal from an order dissolving a temporary restraining order and denying a motion for a preliminary injunction where the cellular telephone facility whose construction plaintiffs sought to block was subsequently completed and placed into operation. (136 Ill. App. 3d 678, 681, 483 N.E.2d 987, 989.) In the case *sub judice*, plaintiffs' complaint sought not only a temporary restraining order and a preliminary injunction, but also permanent injunctive relief. There appears to be no dispute that the effect of the trial court's order was to dismiss plaintiffs' claims regarding all three types of relief, including the permanent injunction. While we agree that *Schnepper* applies to plaintiffs' claims for a temporary restraining order and preliminary injunction and hold that those claims are now moot, that decision cannot be invoked to justify dismissal of the appeal insofar as it relates to the permanent injunction. Indeed, the court in *Schnepper* stressed that the permanent injunction there, which was not yet before the court on the merits, was not, in fact, moot. 136 Ill. App. 3d 678, 681-82, 483 N.E.2d 987, 989-90.

As we shall discuss later in this opinion, plaintiffs here were entitled to challenge the proposed annexation by seeking an injunction. They were not required to wait until after the annexation had taken place and then proceed in *quo warranto.* For reasons previously noted, when their claims for injunctive relief were dismissed, plaintiffs were, in turn, entitled to bring this interlocutory appeal. Notice of the appeal was filed before further action was taken on the annexation by the city council of the city of Granite City, and we know of no authority suggesting that plaintiffs were required to obtain a stay of the circuit court's order in order to protect their rights pending the appeal. While Supreme Court Rule 305(b)(4) (87 Ill. 2d R. 305(b)(4)) does provide for obtaining the stay where an injunction has been dissolved, this is not such a case.

■■ Defendants' decision to proceed with the annexation under these circumstances cannot be permitted to deprive plaintiffs of their appeal and destroy whatever rights they may have. (See *In re Petition to Annex Certain Land to Village of Arlington Heights* (1964), 45 Ill. App. 2d 257, 262, 195 N.E.2d 447.) When defendants proceeded with the annexation, they did so at their own risk. The rule in this State is that:

> "after a suit for injunction has been filed and the court has acquired jurisdiction of the person, if the defendant does any act which the complaint seeks to enjoin, he acts at his peril and subject to the power of the court to compel a restoration of the status quo ante, or to grant such other relief as may be proper under the particular circumstances of the case." (*Gribben v. Interstate Motor Freight System Co.* (1958), 18 Ill. App. 2d 96, 102-03, 151 N.E.2d 443.)

Thus, if plaintiffs were able to successfully demonstrate that the petition was improper, the ordinance subsequently enacted by the city council of the city of Granite City could be invalidated, and Granite City could be ousted from the annexed territory. The existence of such potential remedies demonstrates that this appeal, insofar as it pertains to plaintiffs' request for a permanent injunction, is not moot. (See *Schnepper v. American Information Technologies Inc.* (1985), 136 Ill. App. 3d 678, 681-82, 483 N.E.2d 987, 989-90.) Accordingly, defendants' motion to dismiss the appeal is granted as to plaintiffs' claims for a temporary restraining order and preliminary injunction, but denied as to plaintiffs' claim for a permanent injunction.

■■ ■ We turn then to the merits of this appeal. Throughout these proceedings, one of defendants' principal arguments for dismissal of plaintiffs' complaint has been that plaintiffs can only challenge the proposed annexation through a proceeding in *quo warranto*. This is not so. Although *quo warranto* is the only proper remedy for questioning the validity of an annexation that has been accomplished (*Schallau v. City of Northlake* (1979), 82 Ill. App. 3d 456, 462, 403 N.E.2d 266, 271; *Edgewood Park #2 Homeowners Association v. Countryside Sanitary District* (1969), 42 Ill. 2d 241, 245, 246 N.E.2d 294, 297), such a proceeding cannot be brought when, as here, the territory in question has not yet been annexed and defendants have not yet exercised control over it at the time the plaintiffs' suit is filed (*Ralston Purina Co. v. Village of Wood Dale* (1971), 132 Ill. App. 2d 262, 265, 467 N.E.2d 678, 680-81; see also *In re Annexation to City of Prospect Heights* (1982), 111 Ill. App. 3d 541, 543, 444 N.E.2d 758, 759.) Prior to the completion of annexation, the lawfulness of that an-

nexation may be challenged, as in the case before us, through a complaint for injunctive relief. (*Ralston Purina Co. v. Village of Wood Dale* (1971), 132 Ill. App. 2d 262, 265, 467 N.E.2d 678, 680-81.) To the extent that the circuit court's order was premised on the notion that plaintiffs could proceed only in *quo warranto*, that order is therefore erroneous. We must nevertheless conclude that the circuit court was correct in dismissing for failure to state a cause of action those counts of plaintiffs' complaint seeking permanent injunctive relief.

■ In ruling upon a complaint's legal sufficiency, all facts properly pleaded and all reasonable inferences therefrom must be taken as true. (*Allstate Insurance Co. v. Winnebago County Fair Association, Inc.* (1985), 131 Ill. App. 3d 225, 232, 475 N.E.2d 230, 235.) An injunction will not, however, be issued based on allegations in a complaint which are mere conclusions, whether of law or fact. (See *G.H. Sternberg & Co. v. Cellini* (1973), 16 Ill. App. 3d 1, 5, 305 N.E.2d 317, 320.) A well-pleaded complaint for injunctive relief must contain on its face a clear right to relief and allege facts which establish the right to such relief in a positive, certain, and precise manner. "These factual allegations must specifically establish the inadequacy of the legal remedy and the irreparable injury the plaintiff will suffer without the injunction." *Sadat v. American Motors Corp.* (1984), 104 Ill. 2d 105, 116, 470 N.E.2d 997, 1002.

As suggested at the outset of this opinion, plaintiffs all alleged that the proposed annexation was unlawful because they were not given the notice required by section 7—1—1 of the Illinois Municipal Code (Ill. Rev. Stat. 1985, ch. 24, par. 7—1—1). With respect to plaintiff Long Lake Fire Protection District, that provision directs that the trustees of the district:

> "shall be notified in writing by certified or registered mail before any court hearing or other action is taken for annexation. Such notice shall be served 10 days in advance." (Ill. Rev. Stat. 1985, ch. 24, par. 7—1—1.)

As for plaintiffs Nameoki Township and the commissioner of highways of Nameoki Township, the statute provides simply that when, as is apparently the case here, any land proposed to be annexed includes any highway under the jurisdiction of the township, "the Township Commissioner of Highways and the Board of Town Trustees shall be notified in writing by certified or registered mail before any court hearing or other action is taken for annexation." Ill. Rev. Stat. 1985, ch. 24, par. 7—1—1.

■ The factual basis for plaintiffs' contentions that these notice requirements were not met is that while Granite City Steel filed its

annexation petition on July 15, 1986, it did not serve notice on plaintiffs until July 11, 1986, only four days earlier, as a result of which plaintiffs were "deprived of a reasonable opportunity to respond" to the annexation. These allegations do not, however, state a violation of section 7—1—1 (Ill. Rev. Stat. 1985, ch. 24, par. 7—1—1). The proposed annexation here was to be carried out under section 7—1—8 of the Illinois Municipal Code (Ill. Rev. Stat. 1985, ch. 24, par. 7—1—8). Because proceedings under 7—1—8 do not require a court hearing (*In re Annexation to City of Prospect Heights* (1982), 107 Ill. App. 3d 1045, 1052, 438 N.E.2d 574, 579), notice must be given under section 7—1—1 in such proceedings before "other action is taken for annexation." (Ill. Rev. Stat. 1985, ch. 24, par. 7—1—1.) In a section 7—1—8 proceeding, this "other action" is not, as plaintiffs seem to believe, the mere filing of the petition. Rather, it is the city council meeting on the annexation. (*In re Annexation to City of Prospect Heights* (1982), 107 Ill. App. 3d 1045, 1052, 438 N.E.2d 574, 579; *People ex rel. County of St. Clair v. City of Belleville* (1981), 84 Ill. 2d 1, 9, 417 N.E.2d 125, 128-29.) Significantly, there is no allegation of any kind in plaintiffs' complaint that defendants failed to inform them sufficiently in advance of the city council meeting at which the annexation was to be considered. Accordingly, there is no basis in plaintiffs' complaint upon which a court could find that the notice furnished by defendants was insufficient.

Nameoki Township and its commissioner of highways next alleged that the proposed annexation should be enjoined because the description and map of the territory to be annexed, attached as exhibits to the annexation petition, were "vague and ambiguous" and because "special tax considerations were given to Granite City Steel by the City of Granite and Granite City Township to the detriment of other taxing bodies, contrary to an agreement entered in 1985, by said taxing bodies and against public policy and the Illinois Revenue Code." These allegations, however, constitute mere conclusions. Even if, *arguendo*, the problems raised in these allegations provided a legally cognizable basis for preventing annexation, the allegations are nevertheless devoid of specific facts which establish plaintiffs' right to relief in a "positive[,] certain and precise manner." *Sadat v. American Motors Corp.* (1984), 104 Ill. 2d 105, 116, 470 N.E.2d 997, 1001.

Nameoki Township and its commissioner of highways further alleged that the proposed annexation would leave a small parcel or "island" of Nameoki Township which would be surrounded by the city of Granite City. Again, no specifics have been provided, and our supreme court has indicated that the mere fact that annexation may

leave an unincorporated island of territory which is completely surrounded by the annexing municipality and the area sought to be annexed is not grounds for preventing the annexation if the statutory criteria are otherwise met. (See *Spaulding School District No. 58 v. City of Waukegan* (1960), 18 Ill. 2d 526, 165 N.E.2d 283.) Although this principle was decided under article 7 of the Revised Cities and Villages Act (Ill. Rev. Stat. 1957, ch. 24, par. 7—1 *et seq.*), which has since been repealed, we believe that it remains apt. Plaintiffs have cited no authority to the contrary.

■■■ Finally, Nameoki Township and its commissioner of highways alleged that the proposed annexation would substantially destroy Nameoki Township's tax base and would, "to all intents and purposes," end its viability as a governmental entity. Plaintiffs argue that because the proposed annexation would produce such a result, it would contravene article VII, section 5, of the Illinois Constitution (Ill. Const. 1970, art. VII, sec. 5), which provides, in part, for the dissolution of townships by referendum. This argument has no merit.

As a preliminary matter, the foregoing allegations are purely conclusory and speculative. Moreover, from the other allegations in plaintiffs' complaint, we believe that the proposed annexation here must be characterized as involving nothing more than a change in boundaries. No claim has been made that any of the affected townships would not retain their formal legal existence or that any new townships would be created. Under such circumstances, no public referendum would be required by section 5 of article VII prior to the annexation. (*Springfield Lakeshore Improvement Association v. City of Springfield* (1975), 62 Ill. 2d 173, 177, 340 N.E.2d 289, 291.) This is so even though the end result might, in fact, be to "permit the piecemeal dissolution of a township without a public referendum, at least until the annexation of the last parcel in the township." 62 Ill. 2d 173, 177-78, 340 N.E.2d 289, 292.

■■■ A complaint should not be dismissed for failing to state a cause of action unless it clearly appears that no set of facts could be proved under the pleadings which would entitle the plaintiff to relief. (*Allstate Insurance Co. v. Winnebago County Fair Association, Inc.* (1985), 131 Ill. App. 3d 225, 232, 475 N.E.2d 230, 235.) When the trial court entered its order of dismissal here, however, plaintiffs did not seek leave to amend their complaint with respect to their claims for permanent injunctive relief. Instead, they elected to stand by their complaint as presented. As a result, their causes of action for permanent injunctive relief must stand or fall based on the contents of the counts which were dismissed. Because we have concluded that those

counts did not plead facts which would bring plaintiffs' claims within a legally cognizable cause of action for permanent injunctive relief, we find that the circuit court did not err in dismissing them. See *Sweis v. City of Chicago* (1986), 142 Ill. App. 3d 643, 649, 491 N.E.2d 1342, 1346.

For the foregoing reasons, plaintiffs' motion to supplement the record is denied; defendants' motion to dismiss the appeal on grounds of mootness is granted as to plaintiffs' claims for a temporary restraining order and a preliminary injunction but denied as to plaintiffs' claims for permanent injunctive relief; the interlocutory order of the circuit court of Madison County dismissing those counts of plaintiffs' complaint seeking a permanent injunction is affirmed; and plaintiffs' cause is remanded for further proceedings consistent with this opinion.

Motion to supplement record denied; motion to dismiss appeal as moot granted in part and denied in part; interlocutory order affirmed; and cause remanded.

KARNS, P.J.[1], and WELCH, J., concur.

---

[1]Justice Karns replaces Justice Jones, who retired after the cause was taken under advisement.